[No. 2131–3.  Division Three.  March 30, 1978.]

MICKELE D. O'BRIEN, *Appellant,* v. MARTIN DETTY,
ET AL, *Respondents.*

*David E. Williams* and *Critchlow, Williams, Ryals &
Schuster,* for appellant.

*Andrew C. Bohrnsen* and *Leavy, Taber, Schultz, Berg-
dahl & Sweeney,* for respondents.

ROE, J.—Plaintiff was a tenant in a house owned by
defendant Detty. (Martin Detty will be referred to, in this
opinion, as the sole defendant.) During a long rain, water
leaked in around a window, and some collected on the floor.
Plaintiff immediately reported this to the defendant and
requested that it be repaired. The defendant–landlord
twice, within a week of being notified, attempted but failed
to locate and remedy the problem. About 2 weeks after giv-
ing notice of this condition, the plaintiff slipped in some

water and sustained the injuries of which she complains in this action. About 2 weeks after her fall, the defendant succeeded in finding and repairing the leak. The case was tried to a jury, which returned a verdict for the defendant.

The Residential Landlord–Tenant Act of 1973, RCW 59.18, modified the common law so as to require decent, safe and sanitary housing. RCW 59.18.040(4). It also requires a landlord to maintain a dwelling unit in reasonably weathertight condition. RCW 59.18.060(8). The sole issue is: Was the statute violated by the mere existence of a prohibited defect in the rented premises, or does the statute instead give a landlord a reasonable time to effect repairs? Plaintiff argues that the defendant violated these sections of the act by allowing the defect to exist, and that such a violation is negligence per se. She thus claims the right to recover for any injuries resulting from the violation.

Specifically, the plaintiff assigns as error that part of the court's instruction No. 11 which stated:

> Before the landlord can be held to have violated this statute, he must know or in the exercise of reasonable care should know of the existence of a condition which does not conform to the statutory requirements. It is for you to determine whether such a condition existed. After notice of such condition, the landlord has a reasonable time in which to effect repairs.

The trial court apparently instructed on the principles expressed in *Franklin v. Fischer*, 34 Wn.2d 342, 348, 208 P.2d 902 (1949):

> Under the general rules of law applicable to such situations, a lessee, before any damages can be recovered from a lessor for breach of a covenant to keep in repair, would have to establish timely notice to the lessor of the need for repairs, and that the lessor failed to make them within a reasonable time under the circumstances. The rule is well stated by Judge Hay in *Asheim v. Fahey*, 170 Ore. 330, 133 P. (2d) 246, 145 A. L. R. 861, in these words:
>
> "In the absence of a special agreement to make repairs upon the demised premises, a landlord is under no duty to do so. 32 Am. Jur., Landlord and Tenant, section 705.

He may, of course, by the terms of his lease, covenant to make repairs, but the law in that connection is that he must have timely notice of the need for repairs before he is obliged to make them. If, after such notice and a reasonable opportunity to make the repairs, the landlord fails to do so, and damage to the tenant or his invitees results, the landlord may be held liable. *Ashmun v. Nichols*, 92 Or. 223, 234, 180 P. 510 [(1919)]; *Teel v. Steinbach Estate*, 135 Or. 501, 504, 296 P. 1069 [(1931)]. The statute essentially adds such a covenant to repair, on the part of the landlord, to most residential rental agreements.

■ RCW 59.18.070 states that "reasonable time for the landlord to commence remedial action", after notice, is not more than 30 days in all cases, except for certain enumerated emergencies not applicable here. The published version of the act contained this provision during the trial and appeal. However, after the appeal was perfected, our Supreme Court in *Washington Ass'n of Apartment Ass'ns, Inc. v. Evans*, 88 Wn.2d 563, 564 P.2d 788 (1977), restored to the act certain provisions which the Governor had ostensibly, but invalidly, vetoed.

One vetoed provision was the last paragraph of RCW 59.18.070, which provides that where there are circumstances beyond a landlord's control, he shall endeavor to remedy a defective condition with all reasonable speed. In holding that veto invalid, the court stated that that vetoed portion had taken away an excuse from timely compliance which otherwise would have been available to the landlord, *Washington Ass'n of Apartment Ass'ns, Inc. v. Evans, supra* at 567.

Evidence presented at trial by the defendant indicated that he promptly investigated the trouble, but had difficulty determining the cause. The jury could have found that he endeavored to remedy the condition with all reasonable speed. We believe, since the statute gives a landlord such leeway, that no violation arises until a reasonable time has passed. The notice and time provisions in the statute negative the idea that a landlord is absolutely liable

for any defects, which would be a far departure from common law. A landlord's present position and duties are no different than those of a landlord who covenants to repair, as set out in *Franklin v. Fischer, supra.* There was no error in the trial court's instruction.

The judgment is affirmed.

MUNSON, C.J., and GREEN, J., concur.

Reconsideration denied April 18, 1978.

Review denied by Supreme Court October 6, 1978.