[No. 3208–6–III. Division Three. July 8, 1980.]

BERTHA LOUISE LINCOLN, *Appellant,* v. ROBERT C. FARNKOFF, ET AL, *Respondents.*

718

*Charles H. Barr,* for appellant.

*Mike R. Johnston* and *Campbell, Johnston & Roach,* for respondents.

McINTURFF, J.—In an action for negligence in the land-lord–tenant context, the appellant, Mrs. Lincoln, appeals a judgment in favor of respondents, Mr. and Mrs. Farnkoff.

This action concerns two unanchored concrete blocks which served as a step to the rear entrance of a single–family residence occupied by Mrs. Lincoln as a tenant. The home was originally owned by Mr. and Mrs. Hovinghoff. Although Mr. Hovinghoff made improvements to the rear

entrance of the home in 1972, he denied responsibility for installing the blocks.

In July 1973, the Hovinghoffs sold the home to Mr. and Mrs. Farnkoff, who continued the month–to–month tenancy with Mrs. Lincoln. The new landlord and tenant discussed the need for repairs, but disagree over whether their discussion included the concrete blocks. In October 1973, Mrs. Lincoln allegedly fell and was injured when one of the blocks tipped backward. The parties disagree as to when Mrs. Lincoln notified the Farnkoffs of her mishap.

Mrs. Lincoln brought this action for personal injuries against Hovinghoff and Farnkoff in September 1976. The Hovinghoffs were dismissed from the action on motion for summary judgment. By special verdict the jury found the Farnkoffs were not negligent. This appeal followed.

Mrs. Lincoln's principal assignment of error concerns the court's refusal to enter a directed verdict or, in the alternative, to give an instruction concerning the landlord's duties under the residential landlord–tenant act, specifically RCW 59.18.060, which provides, in part:

> The landlord *will* at all times during the tenancy keep the premises fit for human habitation, and *shall* in particular:
>
> . . .
>
> (2) Maintain the roofs, floors, walls, chimneys, fireplaces, foundations, and all other structural components in *reasonably* good repair so as to be usable and capable of resisting any and all normal forces and loads to which they may be subjected;

(Italics ours.)

At common law under the principle of caveat emptor, the landlord had no duty to repair rental property, the tenant taking it as he found it. *Hughes v. Chehalis School Dist. 302,* 61 Wn.2d 222, 225, 377 P.2d 642 (1963). With time, however, this legal position gave way to modern realities and residential tenants were afforded the protection of an implied covenant of habitability. *Foisy v. Wyman,* 83 Wn.2d 22, 25–28, 515 P.2d 160 (1973), and cases cited. Following this lead, the legislature enacted the

residential landlord–tenant act in 1973. This act "modified the common law so as to require decent, safe and sanitary housing," and "adds . . . a covenant to repair" to most residential rental agreements. *O'Brien v. Detty,* 19 Wn. App. 620, 621, 622, 576 P.2d 1334 (1978); *see* RCW 59.18.060(2).

This statute, however, does not render the landlord strictly liable as Mrs. Lincoln contends. Instead, RCW 59.18.060 speaks in terms of maintaining the demised premises in "reasonably good repair" and we have held that no violation occurs until a reasonable time after notice of the defect. *O'Brien v. Detty, supra* at 622–23.

In considering a motion for directed verdict, the evidence must be viewed in the light most favorable to the nonmoving party. The motion should be granted only if no evidence or reasonable inferences therefrom would sustain a verdict for the nonmoving party. *Cherberg v. Peoples Nat'l Bank,* 88 Wn.2d 595, 606, 564 P.2d 1137 (1977). For this reason, the motion for a directed verdict was properly denied as issues of fact preclude a finding of negligence as a matter of law. Some of the unanswered questions include: whether the step was in a state of disrepair; whether the landlord had notice, actual or constructive, of this condition; and whether, given notice, a reasonable time had elapsed for the making of any necessary repairs.

The trial court instructed the jury that Mrs. Lincoln had the burden of proving:

> First, that the defendant *agreed* to repair the steps within a reasonable time.
> Second, that the failure of the defendants to repair the steps within a reasonable time was a proximate cause of the injury to the plaintiff.

(Italics ours.) In view of the landlord's statutory duty of repair, it was error for the court to condition Mrs. Lincoln's recovery upon proof of an agreement to repair the step. Instead, the court should have instructed the jury concerning the landlord's statutory duty to maintain the premises in "reasonably good repair."

■ Mrs. Lincoln's argument that it was error for the court to instruct the jury on contributory negligence is not well taken.

> Every person has a duty to look out for his own safety and to use a degree of care which a "reasonably prudent person of ordinary intelligence would exercise under like or similar circumstances."

*Daly v. Lynch,* 24 Wn. App. 69, 72, 600 P.2d 592 (1979).

The instructional errors necessitate a new trial and dispose of some of Mrs. Lincoln's additional assignments of error. We have carefully considered Mrs. Lincoln's remaining assignments of error and find them to be without merit.

Judgment of the Superior Court is reversed; the case is remanded for a new trial in accordance with this opinion.

GREEN, C.J., and ROE, J., concur.