Raymond E. **YOUNGER**, et al., Plaintiffs-Appellants,

v.

**UNITED STATES of America,** Defendant-Appellee.

No. 80–3277.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 9, 1981.

Decided Nov. 23, 1981.

Rehearing Denied March 24, 1982.

Leonard W. Moen, Seattle, Wash., for plaintiffs-appellants.

Donald M. Currie, Asst. U. S. Atty., Seattle, Wash., for the U.S.

Before PREGERSON and CANBY, Circuit Judges, and KELLAM *, Senior District Judge.

PREGERSON, Circuit Judge:

Appellants Raymond and Flora Younger (the Youngers) filed this Federal Tort Claims Act suit after two of their minor

---

* Honorable Richard B. Kellam, Senior United States District Judge, Eastern District of Virginia, sitting by designation.

children died of smoke inhalation on March 24, 1978 when a fire occurred in their Army residence at Fort Lewis, Washington. The Youngers' two-story Fort Lewis dwelling had no second story fire exit. The Youngers contend that their daughters' deaths would have been prevented if smoke detectors had been installed in their Army-provided residence. The Youngers, therefore, brought this wrongful death suit under the Federal Tort Claims Act alleging that the Government was negligent in failing to install smoke detectors, particularly when the house was renovated in 1977 before they moved in.

The United States District Court for the Western District of Washington, Senior District Judge Blumenfeld of Connecticut sitting by designation, granted summary judgment for the United States. The district court held that the United States owed no duty to install smoke detectors in the Youngers' dwelling and that, therefore, the Government was not negligent. We reverse and remand.

## I. ISSUES

Was the United States under a duty to install smoke detectors in the Youngers' Fort Lewis dwelling?

A. Did Washington common law impose a duty to install smoke detectors in the Youngers' dwelling?

B. Did the Washington Residential Landlord-Tenant Act, read in conjunction with the State Building Code, create a duty to install smoke detectors in the Youngers' dwelling?

C. Did the Army's regulations or plans to install smoke detectors in its family housing units impose a duty to install smoke detectors?

## II. DISCUSSION

The Youngers brought this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–80. Under the FTCA,

the United States is liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, according to "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Thus, in the instant case, the Government's liability must be determined by considering the liability, under Washington state law, of a private landlord under similar circumstances. *See United Scottish Insurance Company v. United States*, 614 F.2d 188, 190 (9th Cir. 1979).

A. *Washington common law*

■ Washington common law provides that a landlord will be liable to a tenant for harm caused by:

(1) latent or hidden defects in the leasehold

(2) that existed at the commencement of the leasehold

(3) of which the landlord had actual knowledge

(4) and of which the landlord failed to inform the tenant.

Stoebuck, *The Law Between Landlord and Tenant in Washington: Part I*, 49 Wash.L. Rev. 291, 342 (1974); *Flannery v. Nelson*, 366 P.2d 329, 59 Wash.2d 120 (1961). Central to the latent defect theory is that there is no liability if the defect is open and visible to the tenant, so that he does or should see it. Stoebuck, 49 Wash.L.Rev. at 353; *Peterson v. Betts*, 165 P.2d 95, 107, 24 Wash.2d 376 (1946).

The Youngers contend that all four elements of the common law tort claim based on a concealed dangerous condition known to the lessor are fulfilled in this case. First, they argue that the absence of a smoke detector—a small device that by Army regulation is installed on the second floor ceiling above the staircase—was an obscure defect the average person would not discover. *See Thomas v. Housing Authority of Bremerton*, 426 P.2d 836, 840, 71 Wash.2d 69, 75 (1967).

Second, it is undisputed that no smoke detector was present in the Youngers' as-

signed dwelling at the outset of their tenancy (or at any time before the fire).

Third, it is also uncontested that the U.S. Army had actual knowledge of the absence of smoke detectors. The district court noted that the Government's documents indicate awareness of the need for smoke detectors in military family housing since at least 1974. The Government, moreover, was engaged in a program to bolster fire safety by installing smoke detectors in all military family housing by the end of 1978.

Fourth, there is no evidence that the Youngers were informed of the lack of smoke detectors and the fire safety risks inherent in residing in a wooden dwelling without smoke detectors or a second story exit.

A grant of summary judgment is proper only when, after viewing the evidence in the light most favorable to the adverse party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Securities and Exchange Commission v. Murphy*, 626 F.2d 633, 640 (9th Cir. 1980).

■ Viewing the evidence in the light most favorable to the Youngers, summary judgment was inappropriate. The court's statement that the absence of a smoke detector was an *apparent* deficiency was a prerequisite to the district court's conclusion that the Youngers' suit failed under Washington common law. The court's ruling stated that "*the absence of such detectors was readily apparent to the plaintiffs.*" (emphasis added). By reaching a conclusion on this genuine issue of material fact—a fact issue which is pivotal to the Youngers' latent defect theory—the district court committed reversible error.

The Government attempts to ameliorate the district court's error by asserting that whether the absence of smoke detectors was latent or apparent is an immaterial factual dispute. The Government argues that, as a matter of law, the absence of a smoke detector is not a "defect" because that condition did not "start, spread, or intensify" the fatal fire.

In this context, "defect" is synonymous with a "dangerous condition" which would lead a reasonable person to suspect the existence of an unreasonable risk of harm. See W. Prosser, *Law of Torts* (4th ed. 1971), section 63 at 401–402. Thus, the question arises whether the lack of a smoke detector in a recently renovated military family housing unit that had no second story fire exit presented an unreasonable risk of harm. Obviously, such a condition did not start, spread, or intensify the fire. However, viewing the scant evidence in the light most favorable to the Youngers, it is reasonable to advance the proposition that the absence of smoke detectors constitutes a defect or dangerous condition. The Government's arguments are appropriately aimed at the causation element of the Youngers' negligence cause of action.

### B. *Residential Landlord-Tenant Act and State Building Code*

The Youngers contend that Washington statutory provisions imposed a duty on the Government to install smoke detectors in military family housing. The applicability, if any, of the Residential Landlord-Tenant Act of 1973, Wash.Rev.Code Chapter 59.18, and the State Building Code, Wash.Rev. Code Chapter 19.27, was not discussed in the district court's ruling.[1] We need not reach the Washington statutory issues because we remand on other grounds. On remand, the district court may wish to consider the applicability, if any, of the Residential Landlord-Tenant Act of 1973 and the State Building Code to the Youngers' FTCA suit.

### C. *Government Regulations Re: Smoke Detector Installation*

The parties debate the importance of the Government's regulations requiring smoke detector installation in military family housing units by the end of 1978. The district court rejected any suggestion that the Government's smoke detector program gave rise to a duty of care bolstering the Youngers' FTCA cause of action.[2] We affirm this aspect of the district court's ruling.

### D. *Implied Warranty of Habitability*

The district court may wish to consider whether Washington's warranty of habitability imposes a duty on landlords to install smoke detectors in residential rental dwellings as part of the duty to provide decent, safe, and sanitary housing. See *Foisy v. Wyman*, 515 P.2d 160, 164, 83 Wash.2d 22 (1973) ("The value of the lease today . . . is that it gives the tenant a place to live, and he expects not just space but a dwelling that protects him from the elements of the environment without subjecting him to health hazards"); and see Residential Landlord-Tenant Act of 1973, Wash.Rev.Code Chapter 59.18 (dwelling units must be kept "fit for human habitation"; Washington public policy ensures "decent, safe, and sanitary housing").

### III. CONCLUSION

We conclude that summary judgment was improperly granted in this case because the district court determined a genuine issue of material fact adverse to the Youngers' position. In addition, the district court may wish to consider the validity of the Washington statutory theories advanced by the Youngers and the applicability, if any, of Washington's warranty of habitability to the facts of this case.

**REVERSED and REMANDED.**

---

1. The Residential Landlord-Tenant Act "modified the common law so as to require decent, safe, and sanitary housing." *O'Brien v. Detty*, 576 P.2d 1334, 1135–1136, 19 Wash.App. 620 (1978).

2. The Government's smoke detector installation program is, of course, relevant to the "actual knowledge" element of the latent defect theory. See II A. *supra.*