[No. 10957-7-III. Division Three. June 6, 1991.]

LARRY G. HOWARD, ET AL, *Appellants,* v. WILLIAM HORN, *Respondent.*

*Timothy Cronin* and *Mullin, Cronin & Blair, P.S.,* for appellants.

*Curtis L. Shoemaker* and *Paine, Hamblen, Coffin, Brooke & Miller,* for respondent.

GREEN, C.J.—This is a personal injury action brought by Larry and Patricia Howard against their landlord, William Horn, for alleged negligence. Mr. Horn's motion for summary judgment of dismissal was granted. The Howards appeal. We affirm.

The question presented is whether a landlord may be sued in tort for personal injury to his tenant if the injury is proximately caused by a defect in the leased premises.

In 1984 Mr. Horn purchased a duplex, constructed in 1974, at E. 15103-05 Rich in the Spokane Valley. In September 1987, Mr. Horn rented unit 103 to Mr. and Mrs. Howard. On October 15, approximately 2 weeks after the Howards moved onto the premises, Mr. Howard stumbled on the uneven cement walkway between the porch and the driveway. He fell across three steps leading to the front door. As he fell, he put his arm through the glass window panel adjacent to the door. The accident occurred just after dusk while the Howards were unloading groceries and carrying children from their car. Mr. Howard admitted the porch light was on and that the uneven edge of the cement was visible "[i]f you were looking for it".

Mr. Horn moved for summary judgment, contending there were no material issues of fact under any legal theory of recovery. The trial court agreed and dismissed the action.

In reviewing a summary judgment order, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the nonmoving party. *Charlton v. Day Island Marina, Inc.,* 46 Wn. App. 784, 787, 732 P.2d 1008 (1987).

On appeal, the Howards contend the uneven sidewalk and failure to install a handrail along the front steps and safety glass in the window panel create questions of fact regarding Mr. Horn's duty and his consequent liability for the injury. There are three possible legal theories under

which liability may be imposed: the rental agreement, common law, and an implied warranty of habitability under the Residential Landlord–Tenant Act of 1973, RCW 59.18.

■ First, the rental agreement required the Howards to accept the premises in its present condition and inform the landlord of any necessary repairs. The agreement further provided the Howards would maintain the grounds, including the sidewalks which were to be kept "in a safe condition". Thus, no duty was imposed upon Mr. Horn under the rental agreement.

■ Second, common law negligence encompasses four basic elements: duty, breach, proximate cause, and injury. *Mauch v. Kissling,* 56 Wn. App. 312, 318, 783 P.2d 601 (1989) (citing *Hoffer v. State,* 110 Wn.2d 415, 421, 755 P.2d 781 (1988)). A duty may arise from common law principles or a statute or regulation. *Doss v. ITT Rayonier, Inc.,* 60 Wn. App. 125, 129, 803 P.2d 4 (1991) (citing *Bernethy v. Walt Failor's, Inc.,* 97 Wn.2d 929, 932, 653 P.2d 280 (1982)). Whether a duty exists is initially a question of law. In deciding questions of duty, a court must evaluate public policy considerations. *Swanson v. McKain,* 59 Wn. App. 303, 307, 796 P.2d 1291 (1990), *review denied,* 116 Wn.2d 1007 (1991).

■■ A commercial or residential landlord may be liable for personal injury to a tenant if the injury is caused by a latent defect known to the landlord. *Charlton,* at 788, and cases cited therein. The trial court held the uneven cement and lack of a handrail were patent defects and the failure to use safety glass was a noncompensable latent defect because Mr. Horn did not know the glass was hazardous. There is no evidence indicating a material question of fact whether the uneven cement and lack of a handrail were patent defects. The absence of a handrail and uneven concrete were clearly observable. As to the latent defect, there is no evidence to create a question of fact whether Mr. Horn knew the glass was not safety glass. While he knew a broken panel of glass in unit 105 had been replaced by the

prior owner when he purchased the duplex, he did not participate in the repair and did not know the type of glass which was installed. It was only after Mr. Howard broke the window in unit 103 that Mr. Horn learned the building code required it to be replaced with an acrylic glass. Thus, the court's conclusion the latent defect was noncompensable is correct and liability could not be imposed based on common law negligence.

Finally, the Howards contend a duty was imposed on Mr. Horn under the Residential Landlord–Tenant Act of 1973—the warranty of habitability. We disagree. Prior to the adoption of this act, the landlord's duty to the tenant was governed by an implied warranty of habitability. *See* discussion in *Lincoln v. Farnkoff,* 26 Wn. App. 717, 613 P.2d 1212 (1980). This warranty was later codified by the Legislature in the act. RCW 59.18.

This statute incorporates into all residential leases a covenant to repair. However, the landlord's duty is predicated upon notice and a reasonable time to repair. *O'Brien v. Detty,* 19 Wn. App. 620, 622–23, 576 P.2d 1334, *review denied,* 90 Wn.2d 1020 (1978); RCW 59.18.070. Here, it is undisputed there was no notice to Mr. Horn.

As to the landlord's duty to keep the leased premises fit for human habitation, RCW 59.18.060 provides:

> (1) Maintain the premises to substantially comply with any applicable code, statute, ordinance, or regulation governing their maintenance or operation, which the legislative body enacting the applicable code, statute, ordinance or regulation could enforce as to the premises rented if such condition substantially endangers or impairs the health or safety of the tenant;
>
> . . . .
> (5) Except where the condition is attributable to normal wear and tear, make repairs and arrangements necessary to put and keep the premises in as good condition as it by law or rental agreement should have been, at the commencement of the tenancy;

Failure to carry out these duties gives rise to certain statutory remedies which are premised on the landlord having notice of the defect. Those remedies, however, are limited

to (1) the tenant's right to repair and deduct the cost from the rent, (2) a decrease in the rent based upon the diminished value of the premises, (3) payment of rent into a trust account, or (4) termination of the tenancy. RCW 59.18-.110(2), .115, .120.

The defects complained of here do not impact the habitability of the duplex. In *Stuart v. Coldwell Banker Comm'l Group, Inc.*, 109 Wn.2d 406, 415–16, 745 P.2d 1284 (1987), a case involving new construction, the warranty of habitability was limited to those defects which render a house unfit to be lived in or those which profoundly compromise the essential nature of the subject property as a dwelling. Additionally, the court stated the warranty does not apply to defects in exterior, nonstructural elements adjacent to the dwelling. The defects mentioned here do not impact the livability of the dwelling so as to render it unfit for habitation. There was no error.

The dismissal is affirmed.

MUNSON and SHIELDS, JJ., concur.