Shanay **HUNTER**, an infant, who sues by her grandmother and next friend Louise **CONYER**, and Louise **Conyer**, Plaintiffs,

v.

**ESTATE OF John Joseph BAECHER and Norfolk Redevelopment and Housing Authority, Defendants.**

**Civ. A. No. 2:95CV878.**

United States District Court, E.D. Virginia, Norfolk Division.

Nov. 20, 1995.

Richard James Serpe, Glasser & Glasser, Norfolk, VA, Oscar Lawrence Gilbert, Rabinowitz, Rafal, Swartz, Taliaferro & Gilbert, Norfolk, VA, Harold Seward Lawlor, Richard Steven Glasser, Glasser & Glasser, Norfolk, VA, for plaintiffs.

Marshall Topping Bohannon, Jr., Bohannon, Bohannon & Hancock, Norfolk, VA, John D. Radd, Huff, Poole & Mahoney, P.C., Virginia Beach, VA, for Estate of John Joseph Baecher.

Melanie Fix, James Long Chapman, IV, Francis N. Crenshaw, Crenshaw, Ware & Martin, Norfolk, VA, for Norfolk Redevelopment and Housing Authority.

## MEMORANDUM AND ORDER

CLARKE, District Judge.

Plaintiffs are tenants of residential property owned by Defendant Estate of John Joseph Baecher ("Estate"). That property was leased pursuant to the provisions of the Section 8 Existing Housing Assistance Payments Program, 42 U.S.C. § 1437f ("Section 8") as administered by Defendant Norfolk Redevelopment and Housing Authority ("NRHA"). Plaintiffs bring suit stating various federal and Virginia causes of action seeking redress for injuries caused by the presence of lead paint at the residential property. At issue before the Court is Plaintiffs' Motion to Remand the Virginia and federal claims to state court. For reasons discussed below, Plaintiffs' motion is **DENIED.**

## BACKGROUND

Plaintiffs' action against Defendant Estate was originally filed on February 25, 1992 in the Norfolk Circuit Court. By an amended complaint filed on July 19, 1995 in that court, Defendant NRHA was added to the suit and additional theories of recovery against Estate were presented. Plaintiffs' complaint contains eleven counts: three against NRHA, seven against Estate, and one damages claim against both Defendants. Count I is a civil rights action filed against NRHA under 42 U.S.C. § 1983. Count II alleges violations of various federal statutory housing standards by NRHA. Count III alleges breach of contract by NRHA in its Annual Contribution Contract with the federal Department of Housing and Urban Development, a contract to which Plaintiffs allege they are third-party beneficiaries.

Counts IV through X are state law claims against Estate. Count IV alleges breach of contract through the Section 8 lease agreement with Plaintiff Conyer. Counts V, VI, and IX allege violations of the Virginia Residential Landlord and Tenant Act ("VRLTA"), Va.Code § 55–248.13(a)(1)–(3). Count VII is for breach of an implied warranty of habitability in the lease agreement. Count VIII is for common law negligence. Count X alleges a violation of the Virginia Consumer Protection Act ("VCPA"), Va.Code §§ 59.1–196 et seq.

On July 28, 1995, NRHA petitioned for removal of the suit to this Court under 28 U.S.C. § 1441(b) on the basis of this Court's original jurisdiction over the civil rights and federal statute housing claims. Plaintiffs

now seek remand of this action under 28 U.S.C. § 1367(c), which instructs this Court in the exercise of its supplemental jurisdiction over state law claims. Briefs have been submitted by Plaintiffs and Defendant NRHA and oral argument was heard on November 17, 1995.

## *ANALYSIS*

There is no dispute that this Court has original jurisdiction over Plaintiffs' civil rights claim and federal housing claims. Nor is it argued that this action was not properly removed under 28 U.S.C. § 1441(b).[1] Plaintiffs instead contend that under the guidelines set forth in 28 U.S.C. § 1367(c), this Court may and should decline to exercise its supplemental jurisdiction over Plaintiffs' state law claims. Further, Plaintiffs argue that if this Court declines to exercise its supplemental jurisdiction over the state law claims, this Court can and should remand the federal claims to the state court as well.

Section 1367(c) of Title 28 of the United States Code states:

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subdivision (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Plaintiffs argue that this Court should remand this case under grounds (1), (2), and (4).

It should first be noted that the language of Section 1367 is discretionary. Use of that discretion should be guided by the principles supporting the existence of supplemental jurisdiction. Section 1367 is the codification of the Supreme Court's guidance in matters of pendent jurisdiction in *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).[2] In *Gibbs,* the Court stated that pendent jurisdiction was justified by considerations of judicial economy, convenience, and fairness to litigants. *Id.* at 726, 86 S.Ct. at 1139; *see Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988) ("a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity" in deciding whether to exercise pendent jurisdiction over state law claims). With these considerations in mind, we examine plaintiffs' arguments under Section 1367(c).

Plaintiffs argue that construction of the VRLTA and the VCPA with regard to the lead paint poisoning claims present novel and complex issues best left to the state's courts. 28 U.S.C. § 1367(c)(1). It is true that state caselaw concerning the VRLTA generally and in the lead paint context specifically is sparse. Nevertheless, the lack of caselaw does not make the VRLTA unintelligible to this Court. The VRLTA is an adaptation of the Uniform Residential Landlord and Tenant Act. *Marple v. Papermill Park Corp.,* 30 Va.Cir.Ct. 154, 156 (1993); "Nineteenth Annual Survey of Developments in Virginia Law 1974–1974: Property," 60 *Va. L.Rev.* 1583, 1599 n. 145 ("the Virginia Act follows the Uniform Act (with several omis-

---

**1.** 28 U.S.C. § 1441(b) states:
(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

**2.** "Supplemental jurisdiction," as codified in Section 1367, is the merger of the caselaw doctrines of pendent and ancillary jurisdiction. Therefore, the caselaw discussing pendent and ancillary jurisdiction is instructive as to the construction of Section 1367. *See* David Siegel, "Practice Commentary," 28 U.S.C.A. foll. § 1367 (1993).

sions and additions)"). The Uniform Act has been adopted and adapted in many states, providing a large pool of opinions from which to construe the Virginia act.[3] As to the VCPA, the determination of what is a "misrepresentation" or "fraudulent act" under that law involves neither novel or complex issues for this Court. *See* Va.Code § 59.1–199(F).[4]

■ Plaintiffs next argue that the state claims substantially predominate over the federal claims in this case. 28 U.S.C. § 1367(c)(2). This argument is founded in the Supreme Court's holding in *Gibbs*, where the Court stated, "if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Gibbs*, 383 U.S. at 726–27, 86 S.Ct. at 1139. Lower courts have considered the predominance determination as a "value-laden" judgment based on deciding whether "the state law claims are more complex or require more judicial resources to adjudicate or are more salient in the case as a whole than the federal law claims." *Moore v. DeBiase*, 766 F.Supp. 1311, 1319 (D.N.J. 1991) (construing 28 U.S.C. § 1441(c)). In this case, the Plaintiffs cannot establish that the state law claims are more technically or intellectually involved than the federal claims or that those claims are more essential to the relief Plaintiffs seek. Indeed, Plaintiffs seek money compensation in the amount of $5,000,000 from the Defendants jointly and severally for the sum of the damage incurred from all ten counts of the complaint. Therefore, Plaintiffs' pleading, in and of itself, creates no distinction between the federal and state claims in terms of the remedy sought.

This Court concludes that the state law issues do not predominate in this case.

Plaintiffs finally contend that there are exceptional circumstances compelling this Court to decline jurisdiction. 28 U.S.C. § 1367(c)(4). However, Plaintiffs' argument on this score amounts to no more than a reiteration and combination of their claims under 28 U.S.C. § 1367(c)(1) and (2). Given this Court's doubts as to the claims brought under Section 1367(c)(2), the Court is unable to find exceptional circumstances justifying this Court to decline jurisdiction under Section 1367(c)(4).

■ Even if this Court were to conclude that the issues in this case are novel or complex or that the state law claims predominate over the federal claims, this Court would find itself compelled to accept supplemental jurisdiction in this case in the interests of fairness to the litigants and judicial economy. *See Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139. Central to this conclusion is this Court's rejection of Plaintiffs' contention that this Court has the authority to remand the federal claims that have been removed to this Court. While there may be a split of authority among district courts on this issue, *compare Administaff, Inc. v. Kaster*, 799 F.Supp. 685, 688–89 (W.D.Tex.1992) (allowing remand of the entire case), *with Kabealo v. Davis*, 829 F.Supp. 923, 927–28 (S.D.Ohio 1993) ("[Section] 1367 does not permit dismissal of federal claims"), we conclude that any reasonable construction of Section 1367 forecloses any option under that statute of remanding properly removed federal claims.

As a starting point in our analysis, we reiterate that this case was removed pursuant to 28 U.S.C. § 1441(b). That provision contains no clauses allowing for remand.

---

3. As evidenced by a survey of the caselaw, versions of the Residential Landlord and Tenant Act have been adopted in the at least the following states: Massachusetts, *see Boston Housing Authority v. Hemingway*, 363 Mass. 184, 293 N.E.2d 831 (Ma.1973); Ohio, *see Ricciardo v. Weber*, 1989 WL 155719 1989 Ohio App. LEXIS 4833 (Ohio Ct.App. December 22, 1989); South Carolina, *see Cooke v. Allstate Mgmt. Corp.*, 741 F.Supp. 1205 (D.S.C.1990); and Washington, *see O'Brien v. Detty*, 19 Wash.App. 620, 576 P.2d 1334 (Wash.Ct.App.1978).

4. Section 59.1–199 states:
 Exclusions.—Nothing in this chapter shall apply to:

 . . . . .

 (F) Any aspect of a consumer transaction which is subject to the Landlord and Tenant Act, Chapter 13 (§ 55–217 et seq.) of Title 55 or the Virginia Residential Landlord and Tenant Act, Chapter 13.2 (§ 55–248.2 et seq.) of Title 55, unless the act or practice of a landlord constitutes a misrepresentation or fraudulent act or practice under § 59.1–200.

This is in contrast to the language of Section 1441(c) which states:

> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title [federal question jurisdiction] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Therefore, while it may be argued that Section 1441(c) allows the remand of federal claims, *compare Moore v. DeBiase,* 766 F.Supp. 1311, 1316–23 (D.N.J.1991) (Section 1441(c) allows remand of federal claims) *with Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 785–87 (3d Cir.1995) (Section 1441(c) does not allow remand of federal claims), no such claim may be made under Section 1441(b).

■ In this case, the authority to remand the properly removed federal claims would have to be created in Section 1367. However, Section 1367, by its title and in its substance, only addresses supplemental jurisdiction—that is, "jurisdiction over all other claims that are so related to claims in the action within [the district court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Under Section 1367, original jurisdiction is a prerequisite to establishing supplemental jurisdiction; however, declining supplemental jurisdiction cannot divest a district court of its original jurisdiction properly invoked through the removal of an originally state-court-filed claim. *See Kabealo v. Davis,* 829 F.Supp. 923, 927 (S.D.Ohio 1993) (Section 1367 "contains no express language which would permit this court to decline to exercise jurisdiction" over a properly removed federal claim.). This fact is made plain by the language of Section 1367(c), which instructs when a district court "may decline to exercise *supplemental jurisdiction.*" 28 U.S.C. § 1367(c) (emphasis added). *See Borough of West Mifflin,* 45 F.3d at 787 (Section 1367 does not authorize "a district court to decline to entertain a claim over

which is [sic] has original jurisdiction"). Therefore, because this action was properly removed under 28 U.S.C. § 1441(b), this Court may not remand the federal claims presented in this action.

■ The conclusion that this Court may not remand the federal claims to state court directly impacts the consideration of judicial economy in the remand decision. Both the federal and state claims in this case center around determining what duties exist regarding the presence of lead paint in a rental residence. There is one set of operative facts and one victim seeking damages. It is obvious that splitting this action between two jurisdictions will result in repetition of efforts between the state court and this Court. This consideration weighs strongly against remanding the state claims.

Another consideration, related to the interests of judicial economy, is fairness to the litigants. As a general concept, a plaintiff is the master of his or her own claim. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law."); *Ching v. Mitre Corp.,* 921 F.2d 11, 13–14 (1st Cir.1990) (same). In this case, Plaintiffs' have consolidated their claims against the two Defendants and have invoked federal law in the process. In bringing one suit, Plaintiffs and Defendants could expect to be part of only one proceeding. By bringing federal claims, Plaintiffs could expect that proceeding would take place in federal court. Defendants, by removing the case, showed their preference for federal court. *See Creekmore v. Food Lion, Inc.,* 797 F.Supp. 505, 507–08 (E.D.Va.1992) (defendants' unanimity is required for removal). In fairness to the Defendants and in consideration of their expectations, this Court should retain supplemental jurisdiction over the state law claims.

### CONCLUSION

Plaintiffs have brought a case part of which lies in the original jurisdiction of this Court. Interests of judicial economy and fairness compel this Court to exercise its supplemental jurisdiction over the related

state law claims. Plaintiffs' Motion to Remand is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Order to counsel for Plaintiffs and Defendants.

**IT IS SO ORDERED.**