[No. 37486-9-I. Division One. September 14, 1998.]

DENNIS O. WRIGHT, ET AL., *Respondents*, v. CATHERINE D. MILLER, ET AL., *Appellants*.

---

192

*Sheryl G. McCloud*, for appellants.

*Jane E. Rosenstein* and *Donald C. Harrison*; and *Jeffrey T. Broihier* of *Broihier & Wotipka*, for respondents.

GROSSE, J. — The Residential Landlord-Tenant Act of 1973's (RLTA) proscription of lease provisions obligating a tenant to pay the landlord's attorney fees does not prohibit a lease provision providing attorney fees to the prevailing party in a dispute arising out of the agreement. The evil that the RLTA's proscription was designed to prevent, fee

shifting to a party with little or no bargaining power, irrespective of the merits of a dispute, is not present in the context of prevailing party provisions. A subsequently enacted statute, RCW 4.84.330, specifically provides reasonable attorney fees and costs to the prevailing party in any action on a lease, where such lease provides for fees and costs incurred in enforcing provisions of the lease. The trial court here correctly held that the tenants in this case failed to improve their position at trial following arbitration. As a result, the landlords are entitled to their attorney fees for the trial in an amount to be determined on remand, as well as fees and costs incurred on appeal.

## FACTS

The precise nature of the dispute that arose between the parties is unimportant to its resolution. Catherine Miller leased a residence owned by Dennis and Mary Wright. Later, Miller was joined in Seattle by her spouse Kenneth Stocks. While the lease was for a specific term, there were discussions between Dennis Wright and Catherine Miller about the Wrights' intentions with respect to the sale of the residence. Miller and Stocks claim there was an oral promise by the Wrights that they would not sell the house during the term of the lease. Circumstances changed and the Wrights put the house on the market during the term of the lease.

The Wrights' actions, or those of their agents, caused Miller and Stocks to believe it was necessary for them to move out of the leased premises before the expiration of the term. They paid rent for the period of their occupation, but not beyond. The residence was not relet or sold within the remaining period of the lease.

The Wrights brought suit for breach of contract, property damage, harassment, and infliction of mental distress. Miller and Stocks filed an answer denying the landlords' claims and asserting affirmative defenses. They also counterclaimed for breach of contract, outrage, harass-

ment, barratry, quiet enjoyment, breach of the warranty of habitability, and a personal injury claim as a result of a fall inside the leased premises.

The case went to mandatory arbitration and was heard in January 1995. On February 1, 1995, the arbitrator found for the Wrights in the principal amount of $2,425, plus $151.50 in statutory costs, and $1,310.45 in attorney fees. The arbitrator reduced the award by $100 for the Wrights' failure to issue a proper tenant information statement as required under the SEATTLE MUNICIPAL CODE. The total amount of the award filed on February 3, 1995 was $3,786.95.

Twenty days later, Miller and Stocks filed a request for a trial de novo. The notice was served and received by each party, but no proof of service was filed with the court within the 20-day period following the filing of the award.

Before trial, the extraneous cross claims for personal injuries, outrage, harassment, and/or negligent infliction of emotional or mental distress were dismissed on summary judgment, leaving only the cross claims of breach of contract or abandonment and damage to the property. On the remaining claims the jury found for the Wrights in the principal amount of $2,467, including $143 in damages to the rental property. This amount is $42 greater than the arbitrator's award.

In addition to appealing the face amount of the award, Miller and Stocks argued to the trial court that the arbitrator improperly granted attorney fees in the arbitration. The basis for recovery was RCW 59.18.310(2)(a), which Miller and Stocks claim does not provide for attorney fees, unlike RCW 59.18.310(2)(b), which grants reasonable attorney fees as part of compensatory damages. The trial court disagreed, finding that the prevailing party provision of the residential lease permitted an award of attorney fees. The court then held that Miller and Stocks failed to improve their position after trial de novo and, pursuant to Superior Court Mandatory Arbitration Rule (MAR) 7.3, awarded the Wrights $38,734.37 in attorney fees for ser-

vices rendered following the entry of the arbitration award. The court also included the $1,310.45 imposed by the arbitrator as attorney fees, as well as the costs incurred at arbitration and at trial. Judgment was entered in the amount of $44,095.20. Miller and Stocks appeal.

## DISCUSSION

Jurisdiction

 While recognizing that they were the parties requesting a de novo appeal to the superior court under MAR 7.1, and that they failed to file a proof of service with the court within the requisite time period, Miller and Stocks now claim the trial court should have dismissed the case for want of jurisdiction because proof of service was not timely filed.[1] Based on case law this reasoning appears sound, but only in the abstract. Here, Miller and Stocks failed to file timely proof of service, pursued their claims at a trial de novo, and failed to question the defect in service until after they lost at trial. This court will not permit Miller and Stocks to benefit from an error they invited.[2] They waived the jurisdictional requirement, and the trial court did not err in going forward.

Prevailing Party Attorney Fees

Miller and Stocks contend that the arbitrator and the trial court improperly awarded attorney fees, as fees are prohibited by RCW 59.18.230(2)(c), and further because liability arose under RCW 59.18.310(2)(a), which does not specifically provide for attorney fees. They argue they would have prevailed at trial if the trial court had properly concluded that the arbitrator erred in awarding the Wrights attorney fees. This improved position would result in an award of attorney fees to them rather than the Wrights.

---

[1]*Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 947 P.2d 721 (1997).

[2]*State v. Wakefield*, 130 Wn.2d 464, 475, 925 P.2d 183 (1996) (doctrine of invited error prohibits a party from setting up an error at trial and then complaining of it on appeal).

The liability of the tenant for default and abandonment of the leased premises and the landlord's remedies are set forth in RCW 59.18.310.[3] The statute grants the lesser of either the remaining rent or mitigated damages plus attorney fees. This particular provision does not provide attorney fees if liability is based on the rent due for the remainder of the term. Accordingly, we agree that RCW 59.18.310 limits attorney fees where residential tenants fail to pay rent or abandon the premises. In fact, RCW 59.18.230(2)(c) is seemingly in accord with such a conclusion.[4] But the policy behind the prohibition of one-way attorney fees does not necessarily require the construction Miller and Stocks urge here.

RCW 59.18.310 is not the exclusive remedy concerning the award of attorney fees under lease agreements, even considering the proscriptions of RCW 59.18.230. RCW 4.84.330 mandates attorney fees to the prevailing party in

---

[3]RCW 59.18.310 provides in part:

If the tenant defaults in the payment of rent and reasonably indicates by words or actions the intention not to resume tenancy, the tenant shall be liable for the following for such abandonment: PROVIDED, That upon learning of such abandonment of the premises the landlord shall make a reasonable effort to mitigate the damages resulting from such abandonment:

. . . .

(2) When the tenancy is for a term greater than month-to-month, the tenant shall be liable for the *lesser* of the following:

(a) The entire rent due for the remainder of the term; or

(b) All rent accrued during the period reasonably necessary to rerent the premises at a fair rental, plus the difference between such fair rental and the rent agreed to in the prior agreement, plus actual costs incurred by the landlord in rerenting the premises together with statutory court costs and reasonable attorney's fees.

(Emphasis added.)

[4]RCW 59.18.230 generally designates that waivers of RLTA provisions are prohibited except in certain circumstances. RCW 59.18.230(2)(c) provides that "[n]o rental agreement may provide that the tenant [a]grees to pay the landlord's attorney's fees, except as authorized in this chapter[.]" Other waiver prohibitions contained in RCW 59.18.230 include the waiver of rights or remedies under the RLTA, confessions of judgment on claims arising out of the agreement, and agreements to limit the landlord's liability or to indemnify the landlord in certain respects.

disputes over a lease that includes a prevailing party provision.[5] Thus, we are confronted with two statutory provisions that seemingly conflict or are inconsistent on their face.

 Statutes relating to the same subject matter must be read together and harmonized, if possible, to give effect to the provisions of each.[6] These provisions may be harmonized by putting them in historical context. RCW 59.18.230 of the RLTA, as enacted in 1973, was generally concerned with the evils of the substantial inequality in the bargaining position of the two parties, particularly one-way agreements favoring landlords then otherwise permitted by law. Landlords were allowed to shift fees to tenants possessing little or no bargaining power regardless of the merits of a claim. In enacting RCW 4.84.330 in 1977, the Legislature mandated the award of attorney fees and costs in any action on a contract or lease entered into after September 21, 1977. The Legislature is presumed to be aware of prior statutes and their judicial construction. Absent an express indication otherwise, new legislation

---

[5]RCW 4.84.330 provides:

In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract or lease which is entered into after September 21, 1977. Any provision in any such contract or lease which provides for a waiver of attorney's fees is void.

As used in this section "prevailing party" means the party in whose favor final judgment is rendered.

[6]*Harmon v. Department of Soc. & Health Servs.*, 134 Wn.2d 523, 542, 951 P.2d 770 (1998) (citing *Bour v. Johnson*, 122 Wn.2d 829, 835, 864 P.2d 380 (1993) (holding statutes on the same subject matter must be read together to give each effect and to harmonize each with the other); and *Leson v. State*, 72 Wn. App. 558, 563, 864 P.2d 384 (1993) (holding that when two statutes appear to conflict, every effort should be made to harmonize their respective provisions); *see also Martin v. Triol*, 121 Wn.2d 135, 148, 847 P.2d 471 (1993).

will be presumed to be consistent with prior legislation.[7] Two statutes that relate to the same subject and are not actually in conflict are interpreted to give meaning and effect to each.[8]

■ The lease before us does not limit the award of fees to the landlord only or shift fees from the landlord to the tenant, as would be proscribed by RCW 59.18.230. But it provides for an attorney fee award to the prevailing party, either landlord or tenant. RCW 4.84.330 manifests a legislative determination that the evil is removed in leases and elsewhere where the potential award is two-way, permitting awards to either the landlord or tenant depending on who prevails. Thus the policy behind the wording of the statutory prohibition of the RLTA does not apply to prevailing party provisions permitted by RCW 4.84.330, and specifically does not apply to the lease provision here.

■ ■ Even if we view the statutes as irreconcilable, rules of statutory construction bolster our reasoning. In general, the rules of statutory construction give preference to the later-adopted statute[9] and to the more specific statute[10] if two statutes appear to conflict.[11] RCW 59.18.230 and .310 were enacted in 1973; RCW 4.84.330 was enacted four years later, in 1977, and is therefore entitled to greater weight. Additionally, RCW 4.84.330 is specific as to attorney fees in lease agreements, in contrast to the general proscription of one-way agreements in the RLTA. The more specific statute prevails.

---

[7]See *Freitag v. McGhie*, 133 Wn.2d 816, 823, 947 P.2d 1186 (1997) (citing *In re Marriage of Williams*, 115 Wn.2d 202, 208, 796 P.2d 421 (1990)).

[8]*Martin v. Triol*, 121 Wn.2d at 148 (citing *Pearce v. G.R. Kirk Co.*, 92 Wn.2d 869, 872, 602 P.2d 357 (1979)).

[9]2B NORMAN J. SINGER, STATUTES AND STATUTORY CONSTRUCTION § 51.02 (5th ed. 1992).

[10]See *In re Estate of Little*, 106 Wn.2d 269, 284, 721 P.2d 950 (1986).

[11]*Bailey v. Allstate Ins. Co.*, 73 Wn. App. 442, 446, 869 P.2d 1110 (1994); *ETCO, Inc. v. Department of Labor & Indus.*, 66 Wn. App. 302, 306, 831 P.2d 1133 (1992). *See also Citizens for Clean Air v. City of Spokane*, 114 Wn.2d 20, 37, 785 P.2d 447 (1990) (provisions of a specific, more recent statute prevail in a conflict with a more general predecessor).

## Fees for Trial

 Reasonable attorney fees under RCW 4.84.330 shall be granted pursuant to MAR 7.3, as authorized by RCW 7.06.060, once the arbitration has been appealed de novo and the party appealing fails to improve its position on appeal. The award in this case consisted of two basic items: compensatory damages and attorney fees. Compensatory damages were fixed by the trier of fact who had the discretion to make the determination within the range of relevant evidence.[12] No argument was made that Miller and Stocks improved their position on the compensatory damage award after trial de novo. Thus the trial court's award of attorney fees for the cost of the trial was correct.[13]

## Amount of the Award

 The trial court awarded the Wrights fees in the amount requested by counsel. Under MAR 7.3 and case law, a trial court may assess costs and reasonable attorney fees against Miller and Stocks, but only those costs and reasonable attorney fees incurred after the request for the trial de novo was filed. A review of the documentation provided in the record indicates billings from the arbitration in the amount of $3,783.79 in the total request for $42,518.16. When reduced by that amount, the amount of fees post-request for de novo review is $38,734.37, an amount equal to that awarded by the trial court. The court also granted the amount included by the arbitrator as fees in the arbitration, $1,310.45, for a total "reasonable attorney fees" award of $40,044.82. Correct calculations, however, are not all that is required.

 RCW 59.18.030(9) defines reasonable attorney fees as:

[A]n amount to be determined including the following factors: The time and labor required, the novelty and difficulty of the

---

[12]*See Mason v. Mortgage Am., Inc.*, 114 Wn.2d 842, 850, 792 P.2d 142 (1990).

[13]*Arment v. Kmart Corp.*, 79 Wn. App. 694, 700, 902 P.2d 1254 (1995).

questions involved, the skill requisite to perform the legal service properly, the fee customarily charged in the locality for similar legal services, *the amount involved and the results obtained*, and the experience, reputation and ability of the lawyer or lawyers performing the services.

(Emphasis added.)

The record before this court does not reflect that the trial court considered all of the factors enumerated in the statute. We therefore remand for recalculation of a reasonable attorney fee in light of all of the statutory factors.[14]

Counterclaim

Stocks counterclaimed for personal injuries sustained while living at the house when he fell down a stairway in the house, arguing that the fall was caused by a handrail that did not run the entire length of the stairs in violation of the Seattle building code. The trial court was correct in dismissing his claim.

 A landlord may be liable to a tenant for injuries caused by a defect in the rental unit if there was a violation of the rental agreement, a violation of the common law duty of ordinary care, or if the defect was a violation of the implied warranty of habitability under the RLTA.[15] Stocks' claim was based on an alleged breach of the statutory warranty of habitability, not on the rental agreement or the common law. This claim was properly dismissed because the alleged breach of the building code was not a breach of the statutory warranty of habitability and did not give rise to a jury question. The only conditions held to violate the warranty of habitability are those which render

---

[14]*Miller v. Yates*, 67 Wn. App 120, 126, 834 P.2d 36 (1992). *See also Sardam v. Morford*, 51 Wn. App. 908, 913-14, 756 P.2d 174 (1988) (Munson, J., concurring) (indicating appellate court must note fee amount in relation to amount in dispute).

[15]*See* RCW 59.18; *see also Howard v. Horn*, 61 Wn. App. 520, 522-23, 810 P.2d 1387 (1991).

a dwelling actually unfit to be lived in.[16] The alleged defects here do not impact the livability of the house so as to render it unfit for habitation. In addition, Stocks indicated he was aware of the alleged defects before he fell. The cases relied on by Stocks do not support his contentions and are distinguishable on their facts.[17]

Instructional Error

Finally, Miller and Stocks allege the trial court committed reversible error by failing to give their proposed instruction on promissory estoppel. The proposed instruction was based on the claim that the Wrights breached the lease by putting the house up for sale after they orally promised not to do so during the term of the lease. The trial court properly refused to give the instruction.

"Whether to give a particular instruction to the jury is a matter within the discretion of the trial court . . . . A trial court is required to instruct the jury on a theory only where there is substantial evidence to support it."[18] Additionally, an instruction may be refused if the other instructions considered as a whole are sufficient to permit each party to argue its theory of the case, are not misleading, and properly inform the trier of fact of the applicable law.[19]

A review of the record belies Miller's conclusory testimony that Wright made a binding oral promise not to sell the house. At the time they were negotiating the lease, Wright may well have indicated that he and his wife did not intend to sell the property, but he made no enforceable promise. Even if he had, a statement of future intent is not the unequivocal promise necessary to invoke the doctrine

---

[16]*See Stuart v. Coldwell Banker Commercial Group, Inc.*, 109 Wn.2d 406, 415-16, 745 P.2d 1284 (1987); *Howard v. Horn*, 61 Wn. App. at 525.

[17]Neither *Schneider v. Strifert*, 77 Wn. App. 58, 888 P.2d 1244 (1995), nor *Gilbert H. Moen Co. v. Island Steel Erectors, Inc.*, 128 Wn.2d 745, 912 P.2d 472 (1996) addresses the warranty of habitability.

[18]*Stiley v. Block*, 130 Wn.2d 486, 498, 925 P.2d 194 (1996) (citations omitted).

[19]*Hyatt v. Sellen Constr. Co.*, 40 Wn. App. 893, 895, 700 P.2d 1164 (1985).

of promissory estoppel. The court's refusal to give the promissory estoppel instruction proposed by Miller and Stocks was not error.

Further, under the instructions given, Miller and Stocks were permitted to argue that during negotiation Catherine Miller took Dennis Wright's comments as a promise not to sell, and that a lease agreement could be part oral and part written. There was nothing to prevent them from arguing their theory of the case.[20]

The decision of the trial court is affirmed except for the award of attorney fees, which is remanded to the lower court for recalculation consistent with this opinion. In addition, attorney fees and costs are awarded on appeal to the Wrights, subject to compliance with RAP 18.1.

WEBSTER and COX, JJ., concur.

Review denied at 138 Wn.2d 1017 (1999).

---

[20]The instructions given allowed them to argue that there was an oral promise which became part of the contract, that the promise and thus the contract was breached, and that they met their burden of proof. The instructions referred to Miller and Stocks' claim that the Wrights promised not to sell the house in the instructions on contract law (number 9); claims of the parties and elements of the claim (number 2); definitions (number 13); burden of proof and counterclaims (number 12); affirmative defenses (number 11); and damages (number 19). The trial court gave an abundance of instructions under which Miller and Stocks could argue their theory of the case.