969 P.2d 446 (1999)
137 Wash.2d 84
Ronald A. ROBERTS, as assignee, Respondent,
v.
DeMay C. JOHNSON, Petitioner.
Cynthia Nary, Appellant,
v.
Marcelle E. Hoey and John Doe Hoey, wife and husband, Respondents,
Nos. 66529-0, 66694-6.
Supreme Court of Washington, En Banc.
Argued October 21, 1998.
Decided January 7, 1999.
Maltman, Reed, North, Ahrens & Malnati, Michael T. Schein, Seattle, for Petitioner.
Law Offices of Charles J. Brocato, Charles James Brocato, Gig Harbor, for Appellant.
Robert G. Casey, Vernon Harkins, Harold Dodge, Tacoma, for Respondents.
DOLLIVER, J.
DeMay Johnson petitioned for review of a Court of Appeals decision affirming the dismissal of her request for a trial de novo following an arbitration award. In a direct appeal, Cynthia Nary sought review of a trial court order vacating a judgment on an arbitration award. We granted the petition for review and retained the direct appeal, consolidating the cases for oral argument.
In Roberts v. Johnson, the law firm of Eisenhower and Carlson sued DeMay Johnson, a former client, for legal fees. The matter proceeded to mandatory arbitration and was heard on October 16, 1995. Ronald Roberts, as assignee of Eisenhower and Carlson, prevailed. The arbitrator filed the *447 award in Pierce County Superior Court on October 18, 1995, but, contrary to MAR 6.2, did not include with the filing proof of service of a copy of the award on each party. Johnson's attorney received a copy of the award on October 19, 1995, but that copy did not bear a date stamp indicating it had been filed with the Clerk of the Pierce County Superior Court. The Clerk's Papers do not indicate proof of service of the arbitration award has ever been filed.
On November 7, 1995, 20 days after the arbitration award was filed, and in keeping with MAR 7.1, Johnson filed a request for a trial de novo. That same day, she hired a legal messenger to serve a copy of her request on Roberts, but the messenger did not deliver the copy to Roberts until the next day, November 8, 1995. Because Johnson failed to comply with the requirement of MAR 7.1(a) that both the request for a trial de novo and proof of service be filed within 20 days of the filing of the award, Roberts moved to dismiss the request. The superior court granted the motion and entered judgment on the arbitration award.
Division Two of the Court of Appeals affirmed in an unpublished decision. Roberts v. Johnson, No. 20266-2-II, 1998 WL 19449 (Wash.Ct.App. Jan. 16, 1998). The court rejected Johnson's argument that the 20-day period for filing a request for a trial de novo was tolled because of the arbitrator's failure to file proof of service of the award. We granted review of that decision.
It was brought to our attention on the eve of oral argument that DeMay Johnson died in December 1997. Her son, Christopher J. Johnson, filed a motion requesting that he be substituted as Petitioner. With the exception of the attorney fees which led to this lawsuit, Mr. Johnson has paid all of the expenses associated with the case and its appeal, including posting $18,000 to obtain a letter of credit, in lieu of a supersedeas bond, for a stay of the judgment. As there is no personal representative, we agree Mr. Johnson should be substituted as Petitioner and grant the motion. See RAP 3.2.
In Nary v. Hoey, Cynthia Nary received an arbitration award in a dog bite case. On March 20, 1996, the arbitrator filed the award in Pierce County Superior Court. As in the Roberts case, the arbitrator failed to file proof of service of the award on the parties. On April 8, 1996, the Defendant, Marcelle Hoey, filed a request for a trial de novo but failed to comply with MAR 7.1(a) by also filing proof of service of the request. Nary moved to dismiss the request and asked that a judgment on arbitration award be entered. The trial court granted Nary's motion and entered judgment on the award.
Defendant Hoey then moved to vacate the judgment, claiming it was void because the arbitrator failed to file proof of service on the parties when filing the arbitration award. The trial court granted the motion, directing the arbitrator to file proof of service of the award within 14 days of the court's order. The trial court specifically found the 20-day period within which to request a trial de novo "did not commence" due to the arbitrator's failure to file proof of service of the award. Clerk's Papers at 69. We retained Nary's direct appeal. Proof of service of the arbitration award has since been filed, and Hoey has filed another request for trial de novo.
At issue in both cases is whether an arbitrator's failure to file proof of service of a mandatory arbitration award tolls the 20-day period for filing a request for a trial de novo.
RCW 7.06 authorizes mandatory arbitration of civil cases. RCW 7.06.030 states:
The supreme court shall by rule adopt procedures to implement mandatory arbitration of civil actions under this chapter.
The statute itself also specifies some requirements. RCW 7.06.050 provides:
Following a hearing as prescribed by court rule, the arbitrator shall file his decision and award with the clerk of the superior court, together with proof of service thereof on the parties. Within twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. Such trial de novo shall thereupon be held, including a right to jury, if demanded.
If no appeal has been filed at the expiration of twenty days following filing of the arbitrator's decision and award, a judgment *448 shall be entered and may be presented to the court by any party, on notice, which judgment when entered shall have the same force and effect as judgments in civil actions.
The Mandatory Arbitration Rules (MAR) implement the statute. MAR 6.2 reads, in relevant part:
Within 14 days after the conclusion of the arbitration hearing, the arbitrator shall file the award with the clerk of the superior court, with proof of service of a copy on each party.
The arbitrator may apply for an extension of time, but late filing "shall not invalidate the award." MAR 6.2. "Within 20 days after the arbitration award is filed with the clerk," an aggrieved party may file in court "a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case." MAR 7.1(a). If within 20 days after the award is filed no party has sought a trial de novo, then the prevailing party shall present to the court a judgment on the award of arbitration. A judgment so entered is the final judgment, which is not subject to appellate review and can only be set aside by a motion to vacate under CR 60. MAR 6.3.
In Nevers v. Fireside, Inc., 133 Wash.2d 804, 947 P.2d 721 (1997), a party filed a request for a trial de novo within the requisite 20-day period, but failed to accompany the request with proof of service, as required by MAR 7.1(a). We held the proof of service requirement is mandatory and must be obeyed in order to obtain a trial de novo. Justice Alexander, writing for a unanimous court, stated:
[T]he requirement in MAR 7.1(a) that proof of service of copies of the request for trial de novo be filed is also a prerequisite to obtaining a trial de novo. Our conclusion in that regard is dictated by the provisions of MAR 7.1, which make it clear that while one must timely file a request in order to obtain a trial de novo, mere filing of the request is not, by itself, sufficient. The request must, according to that rule, be filed "along with" proof that a copy of it was served on all parties to the case.... Both steps must be taken, and on this the rule is unambiguous....
....
[T]he requirement that an aggrieved party timely file its request for trial de novo is linked to the requirement that there be a filing of proof of timely service of the request. One act, in short, is not complete without the other.
Nevers, 133 Wash.2d at 812-13, 947 P.2d 721.
We held our ruling was "dictated by the plain language" of the court rule but also observed that requiring strict compliance with the filing requirement effectuated the Legislature's intent, which was to reduce court congestion and delays in hearing civil cases. Nevers, 133 Wash.2d at 815, 947 P.2d 721.
Because they involve MAR 6.2, rather than MAR 7.1, these cases are not necessarily controlled by Nevers. However, our reasoning in Nevers is applicable here. MAR 6.2, like MAR 7.1(a), requires the filing to include proof of service. MAR 6.2 states within 14 days after conclusion of an arbitration hearing, "the arbitrator shall file the award with the clerk of the superior court, with proof of service of a copy on each party." To obtain a trial de novo, MAR 7.1(a) requires that, within 20 days after the arbitration award is filed, an aggrieved party must "serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case."
As applied in these cases, the Nevers rationale mandates strict compliance with the proof of service requirement when filing an award. Under the plain, unambiguous language of the rule, the two are linked; "[o]ne act, in short, is not complete without the other." Nevers, 133 Wash.2d at 813, 947 P.2d 721.
Roberts does not cite Nevers v. Fireside, Inc., which was decided after the Court of Appeals ruled in his favor. Nary, however, argues substantial compliance with MAR 6.2, a procedural rule, is sufficient where a party receives actual notice of the filing of an arbitration award. However, we specifically rejected the argument that substantial compliance *449 with the filing requirement of MAR 7.1(a) was sufficient. Allowing substantial rather than strict compliance with the filing requirement in MAR 7.1(a) would subvert the intent of the Legislature by contributing to increased delays in arbitration proceedings. Nevers, 133 Wash.2d at 815, 947 P.2d 721.
Nary argues requiring strict compliance with MAR 6.2, on the other hand, would result in delays, because even a party who had been properly served with an arbitration award could "sit and wait until the opposing party presented a judgment and then argue that the 20 days had not yet run and, in essence, extend the 20 day period an additional 20 days." Br. of Appellant at 7. This argument not persuasive. It assumes a party requesting a trial de novo desires delay. It is just as likely that a party requesting a trial de novo would want to accelerate the process.
More importantly, the requirement of MAR 6.2that the arbitration award be filed "with proof of service"is no more ambiguous than the mandate of MAR 7.1(a)that the request for trial de novo be filed "along with" proof of service. In addition, RCW 7.06.050 states that an arbitration award must be filed "together with proof of service thereof on the parties." Nary's argument is not compelling because it is based on a flawed assumption; it also fails because it requires us to hold the drafters of the Mandatory Arbitration Rules intended virtually the same language, albeit in different rules, to have different meanings and to require different acts. We decline to do so and instead follow Nevers.
Both Johnson and Hoey argue that failure to file proof of service tolls the commencement of the 20-day period for filing a request for a trial de novo. The Court of Appeals rejected this argument in Roberts v. Johnson, holding the 20-day period begins to run "the date the arbitration award is filed with the clerk." Slip op. at 4. In other words, filing the award itself invoked the 20-day time period even if proof of service was not filed. Having determined Nevers controls, however, the filing of one document (the award) is not complete without filing of the other (proof of service). Again, RCW 7.06.050 requires the arbitration award to be filed "together with" proof of service, and states the 20-day period begins upon "such filing." This language suggests "such filing" includes the filing of both the award and the proof of service. The logical result, then, is that the 20-day time limit did not begin to run in these cases because the arbitrators did not "file" their awards.
Rules of statutory construction require the same result. The primary objective of statutory construction is to carry out the intent of the Legislature, which must be determined primarily from the language of the statute itself. Department of Transp. v. State Employees' Ins. Bd., 97 Wash.2d 454, 458, 645 P.2d 1076 (1982). Where the language of the statute is plain and unambiguous, the meaning should be discovered from the wording of the statute itself. POWER v. Utilities & Transp. Comm'n., 101 Wash.2d 425, 429, 679 P.2d 922 (1984). Rules of court should generally be construed in the same manner as statutes. State v. Mclntyre, 92 Wash.2d 620, 622, 600 P.2d 1009 (1979). The language of the statute is clear: the "such filing" from which the time to request trial de novo runs is the filing of the "decision and award ... together with proof of service thereof on the parties." See Perkins Coie v. Williams, 84 Wash.App. 733, 738, 929 P.2d 1215, review denied, 132 Wash.2d 1013, 940 P.2d 654 (1997) (holding "clear language" of RCW 7.06.050 dictates result).
Because we hold the 20-day period begins to run only when both the award and proof of service thereof have been filed, we find the Court of Appeals wrongly affirmed the dismissal of Johnson's request for a trial de novo. The arbitrator has yet to file proof of service of the award in the court file, which means Johnson's request for a trial de novo was not untimely.
By the same token, the trial court correctly vacated the judgment to allow Hoey to file a request for a trial de novo. Since that decision, the arbitrator has filed proof of service of the award and Hoey has filed a timely request for a trial de novo. If, under MAR 7.1(a), she has also filed a timely proof *450 of service of that, request, then she should be allowed to proceed with her trial de novo.
Nary argues, "a party discovering that an arbitrator did not file proof of service could move to set aside a judgment on arbitration award years after the judgment was entered and request a trial de novo." Reply Br. of Appellant at 3. We disagree. It is true that, under CR 60(b)(5), a court may vacate a void judgment at any time. A judgment is void if entered by a court without jurisdiction. In re Marriage of Ortiz, 108 Wash.2d 643, 649, 740 P.2d 843 (1987). As we stated in Nevers, however, the superior court's "jurisdiction is invoked upon the filing of the underlying lawsuit and it is not lost merely because the dispute is transferred to mandatory arbitration." Nevers, 133 Wash.2d at 812 n. 4, 947 P.2d 721.
As the issue in these cases is not jurisdictional, then, it seems to us the proper vehicle for seeking relief from judgment is a motion brought under CR 60(b)(1) (due to mistake, inadvertence, surprise, excusable neglect or irregularity). Such motions must be made within one year after the judgment is entered.
In conclusion, we hold the reasoning of Nevers v. Fireside, Inc. applies when construing MAR 6.2, and filing an arbitration award is not complete until and unless accompanied by proof of service of the award. The 20-day period in which an aggrieved party must request a trial de novo does not commence running until filing is perfected in this way. We therefore reverse the Court of Appeals, holding the arbitrator's failure to file proof of service of the award tolled the 20-day time limit, so Johnson's request for a trial de novo was not untimely. We affirm the decision of the trial court in Nary v. Hoey.
DURHAM, C.J., and SMITH, GUY, JOHNSON, MADSEN, ALEXANDER, TALMADGE and SANDERS, JJ., concur.