[No. 23447-5-II.    Division Two.    October 22, 1999.]
TAISHA COOK, *Appellant*, v. DAVID VON STEIN, ET AL., *Respondents*.

*John Richard Christensen* of *Messina Law Firm*, for appellant.

*Anthony Joseph Vidlak* of *Allstate Litigation Services*; and *Marilee C. Erickson* and *William Robert Hickman* of *Reed McClure*, for respondents.

BRIDGEWATER, C.J. — After arbitration of a personal injury claim, one party failed to file a proof of service along with his demand for trial de novo. We are asked to decide whether the other party may first raise the error after a jury has returned its verdict. We hold that the superior court never lost jurisdiction and the error was waived. We affirm.

Taisha Cook sued David Von Stein and others (collectively Von Stein) for personal injury damages resulting from a rear-end automobile accident. Cook appeals a jury award of

zero dollars in damages asserting that because Von Stein failed to file a proof of service along with his trial demand, the superior court was without subject matter jurisdiction to conduct the trial de novo. Cook also urges, inter alia, that the jury verdict was contrary to the evidence.

Pursuant to the mandatory arbitration rules, Cook's suit was arbitrated and she was awarded $8,074.61. The arbitrator filed the award with the superior court on June 12, 1997, but did not file a proof of service of the award. Von Stein filed a demand for a trial de novo with the superior court on June 25, but did not file a proof of service of the demand.

The parties went to trial in the superior court on April 8, 1998, and the trial concluded with a defense verdict.

Cook moved for a judgment notwithstanding the verdict and, in the alternative, a new trial. Before the motion was heard, Cook also raised the issue of Von Stein's failure to file a proof of service of his demand for a trial de novo. Relying on *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 947 P.2d 721 (1997), Cook argued that Von Stein's procedural error vitiated the jury trial and required entry of the arbitrator's award. The trial court denied all of Cook's motions and entered judgment on the jury verdict.

## JURISDICTIONAL CLAIM

Cook asserts that the superior court did not have subject matter jurisdiction to proceed with a trial because Von Stein did not file a proof of service of his trial demand within 20 days of the filing of the arbitration award. *See* MAR 7.1(a); *Nevers*, 133 Wn.2d at 811-12. Cook claims that due to the absence of a proof of service, the trial court must enter judgment on the arbitration award. In oral argument before this court, Cook argued alternatively that the arbitrator's failure to file a proof of service contemporaneously with the filing of the arbitration award requires a remand to allow such a filing. *See Roberts v. Johnson*, 137

Wn.2d 84, 969 P.2d 446 (1999).[1] We address both arguments but decide that neither *Nevers* nor *Roberts* requires a reversal in this case.

By statute and court rule, an aggrieved party may file a request for a trial de novo within 20 days of the arbitrator's filing of the arbitration award.[2] Along with the demand for the trial de novo, a litigant must also file a proof of service of the trial demand. MAR 7.1(a). The Supreme Court has interpreted the proof of service requirement strictly, rejecting the possibility of substantial compliance with the rule. *See Nevers*, 133 Wn.2d at 811-13, *overruling O'Neill v. Jacobs*, 77 Wn. App. 366, 890 P.2d 1092 (1995), and *Hoirup v. Empire Airways, Inc.*, 69 Wn. App. 479, 848 P.2d 1337 (1993).

Similarly, the arbitration rules require that the arbitrator file a proof of service along with the arbitration award. *See* MAR 6.2;[3] *Roberts*, 137 Wn.2d at 90-91. In *Roberts*, the

---

[1]Cook submitted her appellant brief before the Supreme Court decided *Roberts*.

[2]RCW 7.06.050 provides:

> Following a hearing as prescribed by court rule, the arbitrator shall file his decision and award with the clerk of the superior court, together with proof of service thereof on the parties. Within twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. Such trial de novo shall thereupon be held, including a right to jury, if demanded.

> If no appeal has been filed at the expiration of twenty days following filing of the arbitrator's decision and award, a judgment shall be entered and may be presented to the court by any party, on notice, which judgment when entered shall have the same force and effect as judgments in civil actions.

The arbitration rule, MAR 7.1 provides in part:

> (a) Service and Filing. Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended.

[3]MAR 6.2 provides:

> Filing and Service of Award. Within 14 days after the conclusion of the arbitration hearing, the arbitrator shall file the award with the clerk of the superior court, with proof of service of a copy on each party. On the arbitrator's

court held that when an arbitrator fails to file a proof of service, the 20-day period to demand a trial de novo does not commence running. 137 Wn.2d at 92. Accordingly, once an arbitrator files a delinquent proof of service, an aggrieved party has 20 days (from the date of the delinquent filing) to demand a trial de novo.

■ ■ Even though these rules were violated here, we conclude that Cook's position is not meritorious for two reasons: (1) the superior court never lost jurisdiction of the case, therefore, it had jurisdiction to conduct the trial de novo; and (2) Cook's failure to raise the issue prior to verdict constituted a waiver of the objection.

The arbitration rules provide in relevant part: "A case filed in the superior court remains under the jurisdiction of the superior court in all stages of the proceeding, including arbitration." MAR 1.3(a). If the superior court never loses jurisdiction of the arbitrated case, a procedural error by a party (or the arbitrator) could not divest the court of jurisdiction. Both *Nevers* and *Roberts* reinforce this conclusion.

In *Nevers*, the Supreme Court explained that the failure to perfect a demand for trial de novo does not divest the superior court of jurisdiction. The court agreed in part with *State v. Hofer*, 86 Wn. App. 497, 942 P.2d 979 (1997), in which Division One required strict application of MAR 7.1(a). But the court significantly limited one aspect of *Hofer*:

> The court in *Hofer* concluded that it was necessary to comply with the "basic step" of timely filing the request for trial de novo in order to invoke the superior court's jurisdiction. *Hofer*, 86 Wn. App. at 500. Although we recognize the filing of the request and proof of service with the superior court is somewhat akin to filing a notice of appeal, *it is not a step that invokes the superior court's jurisdiction. That court's ju-*

application in cases of unusual length or complexity, the arbitrator may apply for and the court may allow up to 14 additional days for the filing and service of the award. Late filing shall not invalidate the award. The arbitrator may file with the court and serve upon the parties an amended award to correct an obvious error made in stating the award if done within the time for filing an award or upon application to the superior court to amend.

> *risdiction is invoked upon the filing of the underlying lawsuit and it is not lost merely because the dispute is transferred to mandatory arbitration.*

*Nevers*, 133 Wn.2d at 812 n.4 (emphasis added).

Building on this point in *Roberts*, the court explained that when an arbitrator fails to file a proof of service along with the arbitration award, the resulting superior court judgment on the award is voidable, not void. 137 Wn.2d at 92-93. One of the parties in *Roberts* cautioned that the rules should not be interpreted to allow a litigant to file a demand for trial de novo months or years after an arbitration award. Responding to this argument, the court noted:

> It is true that, under CR 60(b)(5), a court may vacate a void judgment at any time. A judgment is void if entered by a court without jurisdiction. *In re Marriage of Ortiz*, 108 Wn.2d 643, 649, 740 P.2d 843 (1987). As we stated in *Nevers*, however, the superior court's "jurisdiction is invoked upon the filing of the underlying lawsuit and it is not lost merely because the dispute is transferred to mandatory arbitration." *Nevers*, 133 Wn.2d at 812 n.4.

*Roberts*, 137 Wn.2d at 92-93.

> As the issue in these cases is not jurisdictional, then, it seems to us the proper vehicle for seeking relief from judgment is a motion brought under CR 60(b)(1) (due to mistake, inadvertence, surprise, excusable neglect or irregularity). Such motions must be made within one year after the judgment is entered.

*Id.* at 93. Under *Roberts*, the procedural error renders the judgment on arbitration voidable. Thus, a litigant may waive objections to the error by failing to request timely relief.

Applying *Nevers* and *Roberts* to the present case involves the resolution of only one question: by not raising the issue until after the trial de novo, did Cook waive any objection to Von Stein's failure to file a proof of service along with his trial demand? Cook would have us adopt a rule that would allow the losing party to await the outcome of the case before raising the issue.

Unlike the situation in *Nevers* and *Roberts*, this case went to trial before the issue was raised for the first time. We are aware of only one other reported decision discussing a *Nevers*-based objection first raised *after* a trial de novo. Division One has held that a party who fails to file a proof of service along with the party's demand for trial de novo may not raise the issue posttrial. *See Wright v. Miller*, 93 Wn. App. 189, 963 P.2d 934 (1998). In *Wright*, the Court of Appeals reasoned that a party may not invite error and concluded that, by causing the error, the appellant had waived any objection.[4] 93 Wn. App. at 195. Here, the defendant, Von Stein, failed to file a proof of service but it is the plaintiff, Cook, who claimed error after the trial had been completed. Therefore, the doctrine of invited error does not apply to this scenario. But Cook's inaction nevertheless resulted in a waiver.

*Nevers*, *Roberts*, and MAR 1.3(a), make clear that the superior court maintains jurisdiction over cases despite noncompliance with the proof of service requirements of MAR 7.1(a) and 6.2. *Roberts* expressly states that a judgment on arbitration rendered after a violation of MAR 6.2 is a voidable judgment only, not a void one. It follows then that one may waive an objection by failing to assert it in time or by taking other inconsistent action.[5] The Legislature's primary goal in creating a mandatory system of arbitration for certain cases was to "reduce congestion in the courts and delays in hearing civil cases." *Perkins Coie v. Williams*, 84 Wn. App. 733, 737, 929 P.2d 1215, *review denied*, 132 Wn.2d 1013 (1997). Cook suggests an interpre-

---

[4]While Division One stated that the appellant had waived "the *jurisdictional* requirement" (*Wright*, 93 Wn. App. at 195 (emphasis added)), it is clear under *Roberts* and *Nevers* that defects in filing the proof of service do not deprive the superior court of jurisdiction.

[5]Consider the void/voidable distinction in other contexts, *e.g., State ex rel. Turner v. Briggs*, 94 Wn. App. 299, 971 P.2d 581 (1999) (when stipulation regarding paternity was purportedly entered without client's consent, resulting judgment was merely voidable not void); *Western Wash. Cement Masons Health & Sec. Trust Funds v. Hillis Homes, Inc.*, 26 Wn. App. 224, 612 P.2d 436 (1980) (duress rendered contract voidable, not void, and thereby subject to ratification by the employer).

tation of the arbitration rules that would compound delays and require countless retrials due to technical noncompliance with the rules. Were this court to follow Cook's suggestion, a party would be able to insure against an adverse verdict in a trial de novo by not raising the proof of service issue immediately, but instead using it as a "hedge." In numerous other contexts litigants are required to raise their objections in a timely fashion or to consider them waived.[6] This case falls into that category.

In a recent case, Division One of this court held that a party may raise the proof of service issue just prior to the trial de novo. *Kim v. Pham*, 95 Wn. App. 439, 445, 975 P.2d 544 (1999). We do not decide when the latest possible moment is before a party waives its objection to this issue. But we hold that by proceeding to verdict, Cook waived any objection she might have had regarding failure to file proof of service for either the demand for trial or the arbitration award.

Affirmed.

A majority of the panel having determined that the remainder of this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

MORGAN and SEINFELD, JJ., concur.

___

[6]Consider, e.g., assertion of affirmative defenses (CR 8(c)); evidentiary objections (ER 103(a)(1)); objections to jury instructions (CR 51(f)).