[No. 70008-7.   En Banc.]
Argued February 1, 2001.   Decided March 29, 2001.

LESLIE WILEY, *Respondent,* v. FRANK REHAK, ET AL.,
*Defendants*, KEVIN PRUEITT, *Petitioner.*

*Dennis J. La Porte* and *Philip I. Brennan, Jr.* (of *Krilich, La Porte & West*), for petitioner.

*Ben Shafton* (of *Morse & Bratt*), for respondent.

IRELAND, J. — This Court granted review of a Court of Appeals' decision (1) holding that Kevin Prueitt could not amend a notice for trial de novo following mandatory arbitration to add himself as a named party after the time for filing the notice had expired and (2) assessing attorney fees against Kevin Prueitt. The Court of Appeals' decision is consistent with our case law and should be affirmed.

## FACTS

The central facts in this case are undisputed. On September 22, 1995, Leslie Wiley was injured in a two-car collision in Cowlitz County, Washington. On June 9, 1997, she filed suit against Frank Rehak, the owner of the other car. On August 25, 1997, an amended complaint was filed adding Dana Rehak, the car owner's brother, as a defendant. Both Frank and Dana Rehak were represented by attorney Joseph Tucci, Jr. Tucci filed an answer on their behalf on September 19, 1997.

Discovery commenced, and Wiley learned that Frank Rehak had not been present when the collision occurred; Dana Rehak had been a passenger in the vehicle that was driven by Kevin Prueitt. On March 11, 1998, Wiley filed a second amended complaint adding Kevin Prueitt as a

defendant. On May 18, 1998, the trial court dismissed Frank Rehak from the lawsuit without prejudice. On July 30, 1998, an answer was filed on behalf of Prueitt by Tucci, who represented all three men. In early October, Tucci had a reoccurrence of cancer. On October 15, 1998, Heidi Imhof was added as an additional attorney and defended the arbitration. Tucci died in January 1999.

The superior court transferred the case to mandatory arbitration. On November 18, 1998, the arbitrator filed the arbitration award. Prueitt was found to be 100 percent at fault. The arbitrator also found that Wiley was entitled to statutory attorney fees and costs. The arbitrator mailed the arbitration award to the parties on November 13, 1998. Both the award and the proof of service were filed with the court on November 18, 1998.

On November 23, 1998, the defense filed a notice for trial de novo with the court. The notice stated in pertinent part:

> PLEASE TAKE NOTICE that FRANK REHAK and DANA REHA[sic], the defendants, requests [sic] a Trial *de novo* from the Arbitration Award filed on November 13, 1998, pursuant to MAR 7.1 and LMAR 7.1.

Clerk's Papers at 18-19. Wiley did not appeal. No notice for trial de novo was filed on behalf of Prueitt during the 20-day period.

On January 7, 1999, Wiley moved to strike the notice for trial de novo that was filed on behalf of the Rehaks; she sought entry of judgment on the arbitration award since the Rehaks were not aggrieved parties. Prueitt then moved to amend the notice for trial de novo to include himself.

On March 12, 1999, the trial court granted Prueitt's motion. It found that neither Frank nor Dana Rehak was an aggrieved party and, thus, they could not appeal from the mandatory arbitration award. Consequently, the court struck their names from the notice and found that Prueitt's name was inadvertently left off the notice due to a scrivener's error. The trial court also allowed the filing of the amended notice that contained Prueitt's name as the ag-

grieved party and allowed the amended notice to relate back to the date the Rehaks filed the original notice.

The Court of Appeals subsequently granted Wiley's motion for discretionary review. On June 16, 2000, the Court of Appeals, concluding the trial court lacked discretion to allow the untimely amendment, reversed and remanded for judgment on the arbitration award. The Court of Appeals also ruled that Wiley was entitled to attorney fees on appeal. Prueitt now seeks this Court's review.

## ANALYSIS

### Standard of Review

▮▮▮ "These arbitration rules apply to mandatory arbitration of civil actions under RCW 7.06." MAR 1.1. RCW 7.06.030 states that "[t]he supreme court shall by rule adopt procedures to implement mandatory arbitration of civil actions under this chapter." These mandatory arbitration rules, like any other court rules, are interpreted as though they were drafted by the Legislature and are construed consistent with their purpose. *State v. Wittenbarger*, 124 Wn.2d 467, 484, 880 P.2d 517 (1994). Applying this court rule to the facts is a question of law subject to de novo review on appeal. *Mee Soon Kim v. Pham*, 95 Wn. App. 439, 441, 975 P.2d 544, *review denied*, 139 Wn.2d 1009 (1999).

### Trial De Novo

RCW 7.06.050[1] provides that within 20 days after the

---

[1] **"RCW 7.06.050 Decision and award**. Following a hearing as prescribed by court rule, the arbitrator shall file his decision and award with the clerk of the superior court, together with proof of service thereof on the parties. *Within twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact.* Such trial de novo shall thereupon be held, including a right to jury, if demanded.

"If no appeal has been filed at the expiration of twenty days following filing of the arbitrator's decision and award, a judgment shall be entered and may be presented to the court by any party, on notice, which judgment when entered shall have the same force and effect as judgments in civil actions." (Emphasis added.)

arbitrator files his decision, any aggrieved party may file a written notice for appeal and notice for a trial de novo in the superior court. MAR 7.1(a)[2] contains this provision and the procedures required to file a notice for trial de novo. In *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 811-12, 947 P.2d 721 (1997), this Court held that "failure to strictly comply with MAR 7.1(a)'s *filing* requirement prevents the superior court from conducting a trial de novo." (Emphasis added.) Substantial compliance with the rule is insufficient. *Id.* at 815.

■■ *Nevers* specifically required the aggrieved party to file both a notice for trial de novo and proof of service within 20 days. The *Nevers* rationale mandates strict compliance based on the plain, unambiguous language of the rule. The Court later held in *Roberts v. Johnson*, 137 Wn.2d 84, 93, 969 P.2d 446 (1999), that the strict compliance standard applies to MAR 6.2, governing the filing of an arbitrator's decision.

The Court based both rulings on the plain language of the rules, but also noted that strict compliance better effectuates the Legislature's intent in enacting the statutes upon which the arbitration rules are based, namely to "alleviate the court congestion and reduce the delay in hearing civil cases." *Christie-Lambert Van & Storage Co. v. McLeod*, 39 Wn. App. 298, 302, 693 P.2d 161 (1984) (citing 1 SENATE JOURNAL, 46TH LEG., REG. SESS. 1016-17 (1979)). *See also Nevers*, 133 Wn.2d at 815; *Roberts*, 137 Wn.2d at 89; *Perkins Coie v. Williams*, 84 Wn. App. 733, 737, 929 P.2d 1215 (1997).

In several cases, other parties have made mistakes that eliminated their respective rights to trial de novo. *Nevers* is

---

[2] MAR 7.1, Request for Trial De Novo:

"**(a) Service and Filing.** Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended."

an example. Also, in *Pybas v. Paolino*, 73 Wn. App. 393, 869 P.2d 427 (1994), the attorney for the respondents delivered a notice for trial de novo to a messenger service with directions to file it with the court. For inexplicable reasons, the notice was not filed before the 20-day deadline. On that basis, the Court of Appeals held that the requesting party was not entitled to a trial de novo. *Id.* at 405. In *State v. Hofer*, 86 Wn. App. 497, 942 P.2d 979 (1997), an attorney was delayed in filing the notice for appeal because he had suffered a head injury; nonetheless, the Court of Appeals held that the untimely filing precluded a trial de novo.

██ ██ Prueitt claims that he was not included in the original notice for trial de novo due to a scrivener's error. He contends that the original notice for trial de novo is valid because it listed "defendants" as the parties seeking a trial de novo, which would necessarily include him. However, the notice used the word "defendants" to modify the names of Frank and Dana Rehak. Prueitt was not implicitly included in the notice. MAR 7.1 not only specifically requires an aggrieved party to file within 20 days, but it also requires the party seeking review to be named in the notice for trial de novo. Prueitt's name was not listed in a timely notice for a trial de novo.

This Court has previously stated that the word "shall" in the MARs makes the stated requirement mandatory.[3] *See generally Roberts*, 137 Wn.2d at 90; *Waste Mgmt. of Seattle, Inc. v. Utils. & Transp. Comm'n*, 123 Wn.2d 621, 629, 869 P.2d 1034 (1994) (citing *Our Lady of Lourdes Hosp. v. Franklin County*, 120 Wn.2d 439, 446, 842 P.2d 956 (1993)). The failure to name Prueitt in the notice for trial de novo is not an inconsequential error, but rather is a failure to strictly comply with the requirements.

The crux of Prueitt's argument is that substantial com-

---

[3] MAR 7.1(a) in pertinent part provides: "The request for a trial de novo . . . *shall* be in the following form:

"Please take notice that [name of aggrieved party] requests a trial de novo from the award filed [date]." (Emphasis added.)

pliance with MAR 7.1(a) should be enough to obtain a trial de novo. Prueitt does not dispute that he failed to file the notice for trial de novo within the 20-day span; however, he argues this was an inconsequential error because Wiley knew there would be a trial de novo and no prejudice attached. Therefore, the Rehaks' notice for trial de novo should suffice. This argument is foreclosed by this Court in both *Nevers* and *Roberts*.

Civil Rules

Prueitt argues that defense counsel's mistake in omitting Prueitt's name was an inconsequential error that can be cured through the Superior Court Civil Rules. He also argues that the Court of Appeals' unyielding approach to nonprejudicial errors is too strict and will have disastrous consequences if applied to all mistakes. He claims that the civil rules and common sense allow for the curing of nonprejudicial mistakes.

CR 4(h) and CR 60 allow the amendment of certain court documents; however, these rules do not apply to notices for trial de novo. Rather, CR 4(h) allows the amendment of the initial process and proof of service documents in a civil case, and CR 60 allows for the correction of clerical errors in judgments, orders, or other parts of the record.

In addition, once a case has been transferred to mandatory arbitration, the civil rules generally do not apply. MAR 1.3(b)(1) provides as follows:

> Until a case is assigned to the arbitrator under rule 2.3, the rules of civil procedure apply. After a case is assigned to the arbitrator, these arbitration rules apply except where an arbitration rule states that a civil rule applies.

The rules specifically prohibit an extension of the 20-day time period for requesting a trial de novo. MAR 7.1(a). A judgment on the award is neither subject to appellate review nor subject to attack or vacation except by a motion to vacate under CR 60. MAR 6.3. While the rules provide limited relief from a judgment on an arbitration award, "CR

60 cannot be used merely to circumvent the time constraints of other rules." *Pybas*, 73 Wn. App. at 398. *See also ML Park Place Corp. v. Hedreen*, 71 Wn. App. 727, 743, 862 P.2d 602 (1993) ("CR 60 motion to set aside a judgment confirming an arbitration award can only be brought on the grounds of a defect inherent in the judgment itself or in the means (*i.e.*, 'the court proceedings') by which it was obtained"). Prueitt does not argue that the arbitration award was defective in any way; rather, he relies on CR 60, which cannot be used to circumvent the 20-day requirement.

MAR 7.1, the rule governing the notice for trial de novo, does not provide for either the amendment of such requests or for the relation-back of such amendments. The objectives behind these rules are clearly apparent: promoting the finality of disputes, alleviating court congestion, and reducing the delay in having civil cases heard. *Nevers*, 133 Wn.2d at 815; *Roberts*, 137 Wn.2d at 89; *Perkins Coie*, 84 Wn. App. at 737; *Pybas*, 73 Wn. App. at 398. Therefore, allowing trial court discretion to amend a notice for trial de novo with relation-back effect is inconsistent with the express intent of the Legislature. *See* 1 SENATE JOURNAL, 46TH LEG., REG. SESS. 1016-17 (1979).

Once the mandatory arbitration is complete, if within 20 days no notice for trial de novo has been filed, the civil rules take effect only as specified in MAR 6.3. MAR 6.3 makes no provision for application of CR 15. CR 81 states "[e]xcept where inconsistent with rules or statutes applicable to special proceedings, these rules shall govern all civil proceedings." Thus, CR 81 gives preference to the MARs. *Nevers* requires strict compliance with MAR 7.1's requirements that an aggrieved party file and serve notice within 20 days. Even though the notice for trial de novo was timely filed and served, it was filed by the nonaggrieved parties; hence, the notice was a nullity. Since the notice was a nullity, the trial court abused its discretion in granting Prueitt's motion to amend a null notice under CR 15.

Attorney Fees

Wiley requests attorney fees on appeal pursuant to MAR 7.3 and *Kim v. Pham*.

In Washington, "[a]ttorney fees may be recovered only when authorized by statute, a recognized ground of equity, or agreement of the parties." *Perkins Coie*, 84 Wn. App. at 742-43. In this case, the asserted statutory basis for Wiley's recovery of attorney fees is RCW 7.06.060.

▆ "A supplemental goal of the mandatory arbitration statute is to discourage meritless appeals." *Perkins Coie*, 84 Wn. App. at 737-38. "That goal is reflected in RCW 7.06.060 and MAR 7.3, which require that attorney fees be assessed against a party who fails to improve [his or] her position as to an adverse party's claim at a trial de novo." *Id.* at 738.

▆ A full trial need not occur and fees may be awarded following a summary judgment or voluntary dismissal, or when the appellant voluntarily withdraws the notice for a trial de novo. *Perkins Coie*, 84 Wn. App. at 743. "Courts have awarded fees against appellants who failed to improve their position both at trial de novo and on appeal." *Id.*

MAR 7.3 does not directly address cases that are not adjudicated at a trial de novo. The court in *Kim* interpreted this rule as requiring "a mandatory award of attorney fees when one requests a trial de novo and does not improve their position at trial because they failed to comply with requirements for proceeding to a trial de novo such as MAR 7.1(a)." *Kim*, 95 Wn. App. at 446-47.

In this case, Prueitt filed a notice for trial de novo, but did not proceed to trial because of his failure to comply with the requirements of MAR 7.1(a). Wiley has incurred the expense of two appeals. Since Prueitt failed to improve his position, according to MAR 7.3 and the rulings in *Perkins Coie* and *Kim*, the award of attorney fees should be granted to Wiley.

## CONCLUSION

In this case, no aggrieved party filed a notice for trial de novo within the 20 days as required by MAR 7.1. Even though Frank and Dana Rehak timely filed their notice for

trial de novo, neither party was an aggrieved party; therefore, the notice was a nullity. Prueitt's motion to amend the Rehaks' notice was untimely because it was filed four months after the filing of the arbitration award. Prueitt's notice could not relate back to the Rehaks' notice because their notice was a nullity. Prueitt's notice could not stand on its own because it was untimely.

Pursuant to CR 81, which states "[e]xcept where inconsistent with rules or statutes applicable to special proceedings, these rules shall govern all civil proceedings," neither CR 15 nor any other civil rule could be applied to conflict with the MARs. Since *Nevers* requires strict compliance with MAR 7.1's requirement that an aggrieved party file within 20 days and Prueitt did not comply, his notice for trial de novo did not meet the standard.

Attorney fees are assessed against a party who fails to improve his or her position as to an adverse party's claim because they failed to comply with the requirements for proceeding to a trial de novo, such as MAR 7.1(a). *Kim*, 95 Wn. App. at 446-47. Prueitt failed to improve his position because he failed to comply with the MARs. For the foregoing reasons, the Court of Appeals is affirmed.

ALEXANDER, C.J., and SMITH, JOHNSON, MADSEN, SANDERS, BRIDGE, CHAMBERS, and OWENS, JJ., concur.