[No. 47635-1-I.   Division One.   July 30, 2001.]

THE SAMMAMISH COMMUNITY MUNICIPAL CORPORATION, *Appellant*, v. THE CITY OF BELLEVUE, *Respondent*.

THE EAST BELLEVUE COMMUNITY MUNICIPAL CORPORATION, *Appellant*, v. THE CITY OF BELLEVUE, *Respondent*.

---

[9] RAP 18.1; *Kohn v. Georgia-Pac. Corp.*, 69 Wn. App. 709, 727, 850 P.2d 517 (1993).

*Carol A. Morris* and *J. Richard Aramburu*, for appellants.

*Elaine L. Spencer* (of *Graham & Dunn*), for respondent.

*John D. Wallace*, amicus curiae.

COLEMAN, J. — The central issue in this case is one of statutory interpretation. RCW 35.14.030 requires that community councils be provided with "clerical and technical assistance" and that "[t]he necessary expenses of the community council shall be budgeted and paid by the city."

Relying on another Revised Code of Washington section, which empowers community councils to approve or disapprove certain land use ordinances proposed by the City—and on the Supreme Court's 1999 holding in *City of Bellevue v. East Bellevue Community Council*, 138 Wn.2d 937, 945, 983 P.2d 602 (1999), which recognized a community council's "authority to independently determine whether to approve or disapprove land use regulations affecting territory within its jurisdiction"—the community councils in this case argue (1) that they, not the City, should be able to determine for themselves what their necessary expenses are and (2) that such necessary expenses include funding to hire independent experts and legal counsel for day-to-day consultation. Although the community councils are correct in claiming independent authority to review and approve or disapprove certain City ordinances, the plain language of RCW 35.14.030 clearly communicates the Legislature's intent that the City control funding for the community councils. We therefore affirm the trial court's order of summary judgment for the City.

## FACTS

The East Bellevue and Sammamish Community Councils were formed in 1969 when those service areas were annexed to the City of Bellevue. Since that time, the community councils have been continued by public vote every four years as provided for by RCW 35.14.060. RCW 35.14.040 gives community councils the power to approve or disapprove certain city zoning ordinances. Since 1969, the East Bellevue and Sammamish Community Councils have considered 606 city ordinances or resolutions, of which they have approved 528, taken no action on 29, and disapproved 49. Of the 49 disapprovals, 3 have resulted in litigation between the City and one of the community councils. In those cases, the City approved the community councils' requests for outside counsel to represent the community councils against the City.

East Bellevue and Sammamish each filed separate ac-

tions against the City in December 1999 after the City refused to provide requested funding to the community councils for ongoing independent legal counsel and technical consultants. The community councils sought a declaratory ruling on the City's obligation to fund what the community councils determine to be their necessary expenses. In May 2000 the two actions were consolidated, and in August 2000 the trial court heard argument on the parties' motions for summary judgment. The trial court entered summary judgment for the City, stating:

> [I]t appearing that the community councils have not been given the authority by law or statute to set their own budgets or hire independent staff or attorneys, and that the City Council of the City of Bellevue has the discretion to determine all aspects of the City budget, and that therefore, it is the City Council, not the community councils, that has the legislative discretion to determine what are the necessary expenses of the community councils . . . the City of Bellevue is entitled to summary judgment[.]

After their motions for reconsideration were denied, the community councils filed this appeal.

## DISCUSSION

This court reviews orders of summary judgment de novo and engages in the same inquiry as the trial court, "treating all facts and reasonable inferences from the facts in a light most favorable to the nonmoving party." *Enter. Leasing, Inc. v. City of Tacoma*, 139 Wn.2d 546, 551, 988 P.2d 961 (1999). Summary judgment should be granted when there exist no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Kuhlman v. Thomas*, 78 Wn. App. 115, 119, 897 P.2d 365 (1995).

1. Necessary Expenses

RCW 35.14.040 empowers community councils to approve or disapprove the "adoption, approval, enactment, amendment, granting or authorization by the city council or commission of any ordinance or resolution applying to land,

buildings or structures within any community council corporation" with respect to:

(1) Comprehensive plans;

(2) Zoning ordinances;

(3) Conditional use permits, special exceptions or variances;

(4) Subdivision ordinances;

(5) Subdivision plats; or

(6) Planned unit developments.

The community councils' decision-making power was affirmed in *City of Bellevue v. East Bellevue Community Council*, 138 Wn.2d 937, 945, 983 P.2d 602 (1999):

> The obvious purpose of the statute is to place final decision-making power in the community council where land use regulations affecting property within its jurisdiction are concerned. RCW 35.14.040 provides a community council with authority to independently determine whether to approve or disapprove land use legislation affecting territory within its jurisdiction, in keeping with the Legislature's intent to allow local level decision making. Therefore, where there is room for exercise of discretion as to whether particular land use regulations should be applied to property within the municipal corporation, the community council must be allowed to exercise that discretion to carry out the legislative intent underlying RCW 35.14.040.

The point of contention in this case lies within the interpretation of RCW 35.14.030, which states that "[e]ach community council shall be staffed by a deputy to the city clerk . . . and shall be provided with such other clerical and technical assistance and a properly equipped office as may be necessary to carry out its functions." This section also requires that "[t]he necessary expenses of the community council shall be budgeted and paid by the city." East Bellevue and Sammamish argue that their ability to approve or disapprove City ordinances necessitates independent legal representation (as opposed to advice from the City attorney) and consultation with outside experts (as

opposed to access to data compiled by City consultants) at the City's expense. The City argues that RCW 35.14.030 clearly indicates that the City has complete budgeting authority over the expenses incurred by community councils and, in that respect, has sole discretion to determine which of these expenses are "necessary."

■ "The primary goal in statutory interpretation is to ascertain and give effect to the intent of the Legislature." *Nat'l Elec. Contractors Ass'n v. Riveland*, 138 Wn.2d 9, 19, 978 P.2d 481 (1999). And to determine legislative intent, the court begins with the statute's plain language and ordinary meaning. *Nat'l Elec.*, 138 Wn.2d at 19. In this analysis, the court should "avoid interpretations that are forced, unlikely, or strained." *In re Pers. Restraint of Smith*, 139 Wn.2d 199, 204, 986 P.2d 131 (1999).

■ In this case, East Bellevue and Sammamish are essentially asking the court to interpret RCW 35.14.030 as empowering community councils to determine their own necessary expenses to be paid by the City. The plain language of the statute, however, does not support this interpretation. RCW 35.14.030 states that "[t]*he necessary expenses of the community council shall be budgeted and paid by the city*" (emphasis added). This language indicates the Legislature's intent that the City—not the community councils—control funding for the community councils and thus, is empowered to determine the councils' necessary expenses. To conclude otherwise would lead to an anomalous arrangement wherein the community councils would possess independent budgeting authority without the counterbalancing ability—or obligation—to generate revenue.

East Bellevue and Sammamish argue that allowing the City to determine their necessary expenses would enable the City to "effectively prevent the Community Councils from exercising [their] statutory authority" by refusing funding for any and all requested expenses. East Bellevue's Opening Br. at 25. This argument ignores the community councils' ability to ask the courts for relief from arbitrary

and capricious conduct by the City.[1] Such available recourse addresses the community councils' concern regarding the City's exercise of budgetary discretion. Thus, under the statutory scheme of RCW 35.14.040, the community councils are empowered to independently assess the expenses they deem necessary for the execution of their disapproval authority and request those expenses of the City. The City, in turn, must consider the community councils' requests and exercise its discretion carefully lest it face legal action for arbitrary and capricious decisions.

Because the plain language of RCW 35.14.030 indicates the Legislature's intent that the City control funding for the community councils, we agree with the trial court's resolution of this issue in the City's favor.

2. Conflict of Interest

Under the current arrangement between the City and the community councils, the community councils receive legal advice from an attorney in the Bellevue City Attorney's Office designated to represent the community councils. In cases where litigation between the community councils and the City seems unavoidable or where an actual conflict of interest arises, the City provides the councils with independent legal representation. East Bellevue and Sammamish argue that this arrangement constitutes an actual conflict of interest in violation of RPC 1.7 (duty to avoid conflicts of interest), RPC 1.2 (duty to abide by client's decisions concerning the objectives of representation), RPC 2.1 (duty to exercise independent professional judgment and render candid advice), and RPC 1.6 (duty to refrain from revealing confidences or secrets relating to representation).[2]

---

[1] *See Harris v. Hornbaker*, 98 Wn.2d 650, 660-61, 658 P.2d 1219 (1983) ("A court may overturn an exercise of legislative authority only for manifest abuse of discretion, such as arbitrary or capricious conduct."); *Raynes v. City of Leavenworth*, 118 Wn.2d 237, 250, 821 P.2d 1204 (1992) ("[T]he correct standard of review is whether the actions of the Council were arbitrary or capricious. If the court can reasonably conceive of any facts which justify a legislative determination, then that determination will be sustained." (citations omitted)).

[2] East Bellevue relies heavily on *Civil Service Commission v. Superior Court*, 163 Cal. App. 3d 70, 209 Cal. Rptr. 159 (1984) which involved a county counsel's

■ Washington courts have recognized the "difference between the relationship of a lawyer in a private law firm and a lawyer in a public law firm such as a prosecuting attorney, public defender, or attorney general" with respect to compliance with the conflict of interest rules. *State v. Stenger*, 111 Wn.2d 516, 522, 760 P.2d 357 (1988). Thus, it is accepted practice for different attorneys within the same public office to represent different clients with conflicting or potentially conflicting interests so long as an effective screening mechanism exists within the office sufficient to keep the clients' interests separate.

■ The community councils correctly point out that this case involves two independent governmental entities. However, in the context of this case and considering the interrelationship of the parties, this is a distinction without a difference. Similar relationships exist in situations involving entities with independent authority within larger governmental bodies, including civil service commissions, ethics review boards, and the Attorney General's representation of particular government entities in cases involving other government entities. *See Sherman v. State*, 128 Wn.2d 164, 186, 905 P.2d 355 (1995) (quoting *Wash. Med. Disciplinary Bd. v. Johnston*, 99 Wn.2d 466, 480-81, 663 P.2d 457 (1983)) (" 'When the performance of any legal duties required of the Attorney General presents actual conflicts of interest, a different assistant attorney general can, and should, be assigned to handle those inconsistent functions[.]' "); *Amoss v. Univ. of Wash.*, 40 Wn. App. 666, 700 P.2d 350 (1985) (assistant attorney general represented dean in appeal of tenure decision to university president while another assistant attorney general advised president and board).

Here, East Bellevue and Sammamish have produced no evidence to indicate the existence of an actual conflict of interest in the City's representation of the community

representation of a civil service commission in an action against the county. *Civil Service Commission*, however, is not binding upon our decision in this case nor do we find it persuasive.

councils in reviewing City zoning ordinances. Instead, the record indicates that the City has provided the community councils with independent representation whenever an actual conflict has appeared imminent.[3]

Because the arrangement for legal representation between the City and the community councils has proven acceptable in similar cases involving other public entities, we find the City's representation of the community councils to be consistent with the Rules of Professional Conduct.

3. Attorney Fees

East Bellevue and Sammamish request fees and costs generated in this appeal and in the trial court proceedings. Because they are not the prevailing parties on appeal, however, their requests are denied. *See Hillis v. Dep't of Ecology*, 131 Wn.2d 373, 401, 932 P.2d 139 (1997); RAP 18.1.

Affirmed.

KENNEDY and APPELWICK, JJ., concur.

Review denied at 145 Wn.2d 1023 (2002).

---

[3] Over the past 10 years, at least five conflicts between the City and the community councils have been litigated. In each instance the City has provided the community councils with outside legal counsel.